DIXON, Chief Judge
(concurring in part and dissenting in part):
I concur with those portions of the majority opinion that affirm appellant’s conviction of distribution of cocaine, possession of cocaine with intent to distribute, simple possession of cocaine and manufacture of cocaine. I also concur with the majority’s disposition of most of the assignments of error.
However, I am not convinced beyond a reasonable doubt that appellant ever entered into an agreement with the informants to manufacture cocaine. The majority strikes down appellant’s conspiracy conviction on legal grounds, finding the government informant had no criminal intent. Accordingly, they affirm his conviction of an attempted conspiracy. In my view, it is also factually deficient. I find no credible evidence that appellant had entered into an agreement with anyone to manufacture crack cocaine. Appellant’s conviction rests solely upon the testimony of two recently turned informants, whose propensity for misconduct and deception, even during the time they were providing information to the OSI, was evident. I am unwilling to infer a conspiracy on the basis of a vague statement by the government informant about the need to get some baking soda. Rather than an agreement to manufacture crack cocaine, we have the informant merely present while crack cocaine was being manufactured and present during a discussion with appellant about how crack cocaine is made. Unlike the situation in Anzalone, in my opinion there is insufficient evidence here for this Court to find an attempted conspiracy.
Since I am not convinced of appellant’s guilt of attempted conspiracy, I did not participate in the reassessment of appellant’s sentence. However, I would be less than honest if I did not say I have serious reservations about the appropriateness of the majority’s reassessment in this case. In the exercise of their statutory authority under Article *743 66(c), UCMJ, 10 U.S.C.A. § 866, it is recognized that courts of criminal appeals for the services, when error has been found, may reassess the adjudged sentence in appropriate cases. United States v. Jones, 39 M.J. 315 (C.M.A.1994); United States v. Peoples, 29 M.J. 426 (C.M.A.1990).
In attempting to reassess a sentence, this Court must try to determine what would have been adjudged absent the error. United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986). In making its decision, the Court must be careful not to substitute its own judgment for that of the sentencing authority. United States v. Reed, 33 M.J. 98 (C.M.A.1991). There are occasions when the only fair course of action is to have the accused resentenced at the trial level. I submit this may be one of those occasions.