UNITED STATES, Appellee,

v.

Charles T. REED, Jr., Sergeant First Class, U.S. Army, Appellant.

No. 65,784.
CM 8902351.

U.S. Court of Military Appeals.

Argued June 4, 1991.

Decided Sept. 9, 1991.

For Appellant: *Captain Michael P. Moran* (argued); *Colonel Robert B. Kirby* and *Lieutenant Colonel Russell S. Estey* (on brief); *Captain James Kevin Lovejoy.*

For Appellee: *Captain Timothy J. Saviano* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Donald W. Hitzeman* (on brief); *Captain Karen R. O'Brien.*

### Opinion of the Court

EVERETT, Senior Judge:

Despite appellant's pleas, a military judge sitting as a general court-martial convicted him of carnal knowledge, sodomy, and committing an indecent act—all with his under–16–year–old stepdaughter, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. The judge then sentenced appellant to a dishonorable discharge, confinement for 7 years, total forfeitures, and reduction to the lowest enlisted grade.

On the recommendation of the staff judge advocate that the statute of limitations had run on the carnal-knowledge charge, the convening authority disapproved the findings thereon and reduced the period of confinement to 5 years; additionally, though not a subject of the staff judge advocate's recommendation, the convening authority approved no forfeitures. In all other respects, however, he approved the trial results.

After the Court of Military Review had affirmed the modified findings and sentence in an unpublished opinion dated October 16, 1990, we agreed to consider (32 MJ 471) whether the staff judge advocate properly advised the convening authority as to the appropriate legal standard to apply in reassessing the sentence in light of his disapproval of the carnal-knowledge conviction. *See United States v. Hill*, 27 MJ 293 (CMA 1988). We conclude that he did not and, accordingly, appellant is entitled to a new action based upon correct legal advice in this regard.

### I

After the staff judge advocate had noted the legal error as to the statute of limitations, he recommended that the convening authority disapprove the affected findings and that he reduce the period of adjudged confinement to 5 years. The staff judge advocate, however, failed to furnish the convening authority with any analytical method concerning how to adjust the sentence in light of the error—or, for that matter, concerning how the staff judge advocate himself arrived at his recommended adjustment. In response, defense counsel argued for a reduction of confinement to a period of 3½ years, citing the carnal-knowledge specification as "the most serious" of the three offenses on which appellant had been sentenced. The staff judge advocate offered no surrebuttal to this argument, except to adhere to his original recommendation.

### II

When an error occurs at trial that impacts on the accused's sentence, the accused is entitled to be made whole on appeal. Thus, if appellate authorities confidently can discern the extent of the error's effect on the sentencing authority's decision, then the sentence can be adjusted accordingly. If, however, the extent of the error's effect is more ambiguous, the sentencing proceeding must be conducted again. *United States v. Sales*, 22 MJ 305, 308 (CMA 1986). In no instance, however, may an appellate authority substitute its own judgment as to the appropriateness of the sentence, notwithstanding the error and its effect on the sentencing authority in arriving at that sentence. *United States v. Suzuki*, 20 MJ 248, 249 (CMA 1985).

Of course, it is entirely appropriate and certainly commendable for a convening authority in his discretion to undertake curing such an error before the case reaches appellate levels. *See* Art. 60(c)(3), UCMJ, 10 USC § 860(c)(3); RCM 1107(b)(1) and Discussion, Manual for Courts–Martial, United States, 1984; *United States v. Hill, supra* at 296. Where he does so, his action must be guided by the same rules applicable to appellate authorities. The assurance must be that "an accused is ... placed in the position he would have occupied if an

error had not occurred." *United States v. Hill, supra* at 296, citing *United States v. Sales, supra* at 308.

■ Thus, where a staff judge advocate recommends certain curative action on the sentence (*see* RCM 1106), it is imperative that he make clear to the convening authority the distinction between, on the one hand, curing any effect that the error may have had on the sentencing authority and, on the other, determining anew the appropriateness of the adjudged sentence. *See* RCM 1107(d)(2).

### III

■ In this case, the staff judge advocate failed to make clear this distinction or, indeed, to furnish any guidance at all as to how the convening authority rationally should cure the prejudice in the sentence. In fact, while this may not have been the case, there is no assurance from the record that the staff judge advocate's recommendation was not purely arbitrary. Without guidance from his legal advisor as to the legal limitations on his task, the convening authority is acting in the dark. *See generally* RCM 1107(d).

Here, the Government has not carried its burden of convincing us that "a properly prepared recommendation would have [had] no effect on the convening authority's" action to rectify the impact on the sentence from the error on the finding. *See United States v. Hill, supra* at 296. Accordingly, appellant is entitled to a new action by a convening authority after full and correct advice from his staff judge advocate consistent with this opinion.

### IV

The decision of the United States Army Court of Military Review and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to a new convening authority for action based on the recommendation of his staff judge advocate. Thereafter, Articles 66(b) and 67(b), Uniform Code of Military Justice, 10 USC §§ 866(b)(1983) and 867(b)(1989), respectively, will apply.

Chief Judge SULLIVAN and Judge COX concur.