STUCKY, Judge
(concurring in the result):
The Judge Advocate General of the Air Force certified this case to this Court for review of whether the convening authority properly reassessed Appellee’s sentence. The majority holds that the Air Force Court of Criminal Appeals’ (AFCCA) action was within the power granted to it by Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2000). I agree that, under our precedents, the AFCCA did not err; however, I have serious doubt about some of those precedents and therefore write separately.
As the majority notes, the convening authority’s action on the findings and sentence of a court-martial “is a matter of command prerogative involving [his] sole discretion.” Article 60(c)(1), UCMJ, 10 U.S.C. § 860(e)(1) (2000). He has “absolute power to disapprove the findings and sentence, or any part thereof, for any or no reason, legal or otherwise.” United States v. Boatner, 20 C.M.A. 376, 378, 43 C.M.R. 216, 218 (1971). In performing his post-trial duties, “his role is similar to that of a judicial officer,” and there exist “virtually no limitations upon his ameliorative judicial powers.” United States v. Fernandez, 24 M.J. 77, 78 (C.M.A.1987); United States v. Hamilton, 39 C.M.R. 356, 357 (A.B.R.1968).
In United States v. Reed, 33 M.J. 98 (C.M.A.1991), this Court noted that a convening authority is not required to correct legal errors, but “it is entirely appropriate and certainly commendable for a convening authority in his discretion to undertake curing such an error before the case reaches appellate levels.” Id. at 99. But “[w]here he does so, his action must be guided by the same rules applicable to appellate authorities.” Id. The accused must be “ ‘placed in the position he would have occupied if an error had not occurred.’” Id. at 99-100 (quoting United States v. Hill, 27 M.J. 293, 296 (C.M.A.1988)). In other words, the convening authority must either approve a sentence no greater than the sentencing authority would have adjudged absent the error or order a sentence rehearing. See id. (citing United States v. Sales, 22 M.J. 305, 308 (C.M.A.1986); United States v. Suzuki, 20 M.J. 248, 249 (C.M.A. 1985)).
I have serious doubt as to whether this holding can be squared with the plain language of Article 60, UCMJ, or the traditional understanding of the convening authority’s powers set out above. However, as this issue was neither briefed nor argued in this case, and the AFCCA’s action was not erroneous under existing precedent, I concur in the result.