# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ADRIAN M. LEBALLISTER**
**United States Army, Appellant**

ARMY 20100618

Headquarters, 25th Infantry Division
Kwasi L. Hawks, Military Judge
Lieutenant Colonel George R. Smawley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan Potter, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Captain Chad M. Fisher, JA; Major James A. Ewing, JA (on brief).

24 October 2011

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Judge:

A military judge, sitting as a general court-martial, convicted appellant pursuant to his pleas of one specification of conspiracy to distribute controlled substances and three specifications of wrongful distribution of controlled substances in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 81, 112a (2008) [hereinafter UCMJ]. A panel of officer and enlisted members sentenced appellant to a bad-conduct discharge, forfeiture of all pay and allowances, confinement for one year, and reduction to E1. The military judge credited appellant with twenty-eight days against the sentence to confinement.

In his post-trial recommendation to the convening authority (SJAR), the staff judge advocate (SJA) recommended disapproval of Specification 2 of Charge II,

which alleged wrongful distribution of Tylenol 3 with codeine.[1]  The SJAR was served on appellant's trial defense counsel 156 days after the sentence was imposed. Four days later, appellant submitted post-trial matters to the convening authority, *see* Rules for Courts-Martial [hereinafter R.C.M.] 1105, 1106, and requested clemency due to both dilatory post-trial processing as well as the recommended dismissal of Specification 2 of Charge II.  In consideration of this request, the SJA supplemented the SJAR with an addendum, recommending that the convening authority "grant one month of clemency for legal errors raised by the Defense." Thereafter, the convening authority disapproved the finding of guilt to Specification 2 of Charge II and approved the remaining findings.  As to the sentence, the convening authority only approved eleven months of the adjudged, one-year sentence to confinement, but otherwise approved the remainder of the sentence.

We hold that the SJA failed to properly advise the convening authority of his sentence reassessment responsibilities in light of the disapproved finding of guilt.  If a convening authority disapproves a finding to cure a legal error, then his action on the sentence "must be guided by the same [sentence reassessment] rules applicable to appellate authorities."  *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991).  As a consequence, the SJA is required to provide proper legal guidance to the convening authority about sentence reassessment. *Id.* at 99–100. *See generally United States v. Sales*, 22 M.J. 305 (C.M.A. 1986); *United States v. Carroll*, 45 M.J. 604, 608 (Army Ct. Crim. App. 1997).  In the SJAR, the SJA recommended disapproval of a finding,  and in the SJAR addendum, the SJA recommended one month of "clemency for legal errors."  However, the SJA did not advise the convening authority about his obligation to consider sentence reassessment, nor did the SJA indicate which error merited the recommended sentence relief.[2]  "[W]here a [SJA] recommends certain

---

[1] The SJA did not state the underlying reasons for his recommendation to dismiss Specification 2 of Charge II.  In appellant's brief to this court, appellant argues that this specification does not state an offense because the Tylenol 3 he distributed contained less than 90 milligrams of codeine per dosage unit, *see* 21 C.F.R. § 1308.13(e)(1) (2010), the implication being that the staff judge advocate's recommendation was based on this rationale.  However, appellant's factual assertions about the dosages he distributed are not contained within the record of trial.  In addition, we note that the staff judge advocate's pretrial advice to the convening authority concludes that each specification, to include Specification 2 of Charge II, alleges an offense under the UCMJ.

[2] We agree that assertion of excessive post-trial delay sounding in due process under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), for example, constitutes assertion of a legal error requiring response by the SJA under R.C.M. 1106(d)(4).  In light of *Moreno*, and under the circumstances of this particular assertion of post-trial delay, *United States v. Hutchison*, 56 M.J. 756 (Army Ct. Crim. App. 2002), is inapposite.

curative action on the sentence, it is imperative that he make clear to the convening authority the distinction between, on the one hand, curing any effect that the error may have had on the sentencing authority and, on the other, determining anew the appropriateness of the adjudged sentence." *Reed*, 33 M.J. at 100. As a result, we find the SJA's advice to the convening authority was erroneous. Further, under the facts of this case, we hold that this error was prejudicial. After receiving incomplete advice, the convening authority disapproved one finding of guilt and reduced appellant's sentence to confinement by one month. However, there is no indication that this sentence relief is for reasons of sentence reassessment or for reasons of clemency. Accordingly, we are unable to conclude that a properly prepared SJAR "would have [had] no effect on the convening authority's action." *Id.* (quoting *United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988)).

Accordingly, the convening authority's initial action, dated 16 December 2010, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge JOHNSON and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court