# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class JAMES A. BACKES**
**United States Army, Appellant**

ARMY 20110870

Headquarters, 3rd Infantry Division and Fort Stewart
Tiernan Dolan, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant: Captain Kristin B. McGrory, JA; Captain Jack D. Einhorn, JA.

For Appellee: Lieutenant Colonel Amber J. Roach, JA.

31 July 2012

---
SUMMARY DISPOSITION
---

Per Curiam:

On 30 September 2011, a military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to commit robbery, robbery, and burglary, in violation of Articles 81, 122, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 922, 929 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority reduced the sentence to confinement by three months, and otherwise approved the remainder of the adjudged sentence.

There was a pretrial agreement in this case in which the appellant met his end of the bargain by fulfilling a number of obligations, central of which was having his guilty plea accepted by the military judge. The convening authority, for his part, agreed, *inter alia*, to a thirty-six month confinement limitation and to direct his staff judge advocate (SJA) to provide a written recommendation that appellant serve any

sentence to confinement at the Naval Consolidated Brig in Miramar, California [hereinafter Miramar], near where appellant's family resided.*

Immediately following the trial, appellant was confined in a county jail outside of Fort Stewart, pending transfer to a military confinement facility. On 14 October 2011, two weeks after trial, while appellant was still awaiting his confinement transfer, his defense counsel contacted the government to check on the recommendation from the SJA to Army corrections officials for appellant to be transferred to Miramar. During this time, appellant's defense counsel also worked directly with Army corrections officials to attempt to designate Miramar as appellant's military confinement location. His efforts were unsuccessful and appellant was transferred to the Naval Consolidated Brig in Charleston, South Carolina on orders dated 17 October 2011. It was not until 28 October 2011, four weeks after trial and after appellant was transferred, that the SJA finally sent his recommendation to Army corrections officials. On 7 November 2011, Army corrections officials denied the SJA's recommendation and cited a number of reasons to include appellant's "original [confinement] designation."

In his post-trial submissions under Rule for Courts-Martial 1105, appellant's defense counsel complained that appellant was not given the full benefit of his pretrial agreement. The reason proffered was because the SJA's recommendation for confinement location did not occur until after appellant was already assigned and transferred to a different location. Appellant's defense counsel requested that the convening authority grant clemency by reducing appellant's sentence to confinement by three months because of the appellant's good character, his acceptance of responsibility and cooperation with the government, and the SJA's failure to submit a confinement location recommendation in a timely fashion. The SJA did not respond to appellant's concerns in his addendum and recommended that the convening authority approve the sentence as adjudged. The convening authority, without comment as to his reasons, approved only seventeen months of the twenty-month sentence to confinement.

Appellant now personally raises, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the same issue raised in his 1105 matters—that he did not receive the full benefit of his pretrial agreement—and he requests this court grant appropriate relief. Noncompliance with a term of a pretrial agreement is a mixed question of law and fact. *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009).

---

* This agreement regarding the SJA's confinement location recommendation is not a sentence limitation, and therefore, it was properly included in the offer portion of the pretrial agreement—not the quantum—and was discussed by the military judge with appellant during the providence inquiry. *See United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011); Rule for Courts-Martial [hereinafter R.C.M.] 910(f)(3).

As to this issue, we agree with appellant. It is only logical that the term within the pretrial agreement pertaining to a recommendation for confinement location presumes that such a recommendation will be submitted prior to a location decision being made and prior to appellant's transfer pursuant to that decision. It is also apparent from the record that the SJA had ample opportunity to make this recommendation prior to appellant's transfer, but did not do so, denying appellant the full benefit of his pretrial agreement. Moreover, we find this same issue raised by appellant in his post-trial matters to be an allegation of legal error about which the SJA was required to advise the convening authority. R.C.M 1106(d)(4).

"In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Id.* Furthermore, we possess broad discretion to determine what sentence should be approved, Article 66(c), UCMJ, as well as the authority to "moot claims of prejudice." *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998). Without deciding whether the term is material, we find an additional three-month reduction, separate and distinct from the convening authority's sentence reduction, is an appropriate remedy for the legal errors. In coming to this conclusion, we have considered appellant's request in his appellate submissions for "appropriate relief," and his defense counsel's request in appellant's post-trial submissions for a three-month reduction in sentence. It is also important to note that we are unable to ascertain the reason for the convening authority's three-month confinement reduction, and therefore, cannot conclude that the foregoing legal errors were already the subject of appropriate relief. *Cf. United States v. Reed*, 33 M.J. 98 (C.M.A. 1991).

The findings of guilty are affirmed. On consideration of the entire record, including the issue personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), this court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for fourteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58.b.(c) and 75(a).

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Acting Clerk of Court

3