# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private JAMES R. CAIN**
**United States Army, Appellant**

ARMY 20100936

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA (on brief).

31 October 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officer members, sitting as a special court-martial, convicted appellant in absentia, of three specifications of failing to go to his appointed place of duty, one specification of being absent without leave, and one specification of breaking restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 934 (2006) [hereinafter UCMJ].  The panel sentenced the appellant to a bad-conduct discharge, six months' confinement, and forfeiture of $964.00 pay per month for six months.  The convening authority disapproved Specification 2 of Charge I,[1] and approved only so much of the sentence as provided

----

[1] At the conclusion of the government's case-in-chief, the trial counsel noted that the evidence established that appellant was ordered to be at his place of duty at a time different than that charged in Specification 2 of Charge I.  Consequently, the

(continued . . .)

for a bad-conduct discharge, five months' confinement, and forfeiture of $964.00 pay per month for five months.[2]

Appellant's breaking restriction was charged as an Article 134, UCMJ, offense, and the specification fails to allege the terminal elements. Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), it was error to omit the terminal elements from this specification. However, appellant did not object to the form of this specification at trial, and "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error—which, in most cases will turn on the question of prejudice." *Humphries*, 71 M.J. at 213–14 (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Humphries*, 71 M.J. at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

Under the totality of the circumstances, we conclude that omission of the terminal elements from the breaking restriction specification materially prejudiced appellant's substantial right to notice. There is nothing in the record to

---

(. . . continued)
military judge instructed the panel about making findings by exceptions and substitutions; however, the panel found appellant guilty as charged. In a post-trial Article 39(a), UCMJ, session, the military judge concluded that the evidence was legally insufficient to support a finding of guilty as to Specification 2 of Charge I, recommended that the convening authority dismiss that specification, and recommended that the convening authority reduce appellant's sentence to confinement.

[2] Where a convening authority disapproves a finding to cure a legal error, then his action on the sentence "must be guided by the same [sentence reassessment] rules applicable to appellate authorities," and the staff judge advocate (SJA) is required to provide proper legal guidance to the convening authority about sentence reassessment. *United States v. Reed*, 33 M.J. 98, 99–100 (C.M.A. 1991). In this case, the SJA erred by failing to provide proper legal guidance in light of the disapproved findings of guilt. However, under the facts of this case, we conclude that a properly prepared recommendation "would have [had] no effect on the convening authority's action," *id.* at 100 (quoting *United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988)), and therefore appellant was not prejudiced by the SJA's error.

satisfactorily establish notice of the need to defend against a terminal element, and the evidence was controverted as to at least one clause of Article 134, UCMJ. Accordingly, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offense.

We next analyze the case to determine whether we can reassess the sentence. In order to reassess, we must be confident "that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). In this case, the penalty landscape has not changed, as the case was limited by the referral to a special court-martial empowered to adjudge a bad conduct discharge. Therefore, in light of the remaining charges, we are confident the court would have adjudged a sentence of at least a bad-conduct discharge, five months' confinement, and forfeiture of $964.00 pay per month for five months.

## CONCLUSION

On consideration of the entire record, and in light of *Humphries*, the findings of guilty of the Specification of Charge II and Charge II are set aside and dismissed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the approved sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court