# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant BRUCE L. KELLY**
**United States Army, Appellant**

ARMY 20090809

Headquarters, 10th Mountain Division (Light Infantry) & Fort Drum
Andrew Glass, Military Judge
Lieutenant Colonel David M. Ward, Acting Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (post-trial)

For Appellant:  Captain A. Jason Nef, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain A. Jason Nef, JA (on brief).

For Appellee:  Captain Edward J. Whitford, JA (argued); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Edward J. Whitford, JA (on brief).

28 June 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curium:

A military judge sitting as a general court-martial convicted appellant, pursuant to his conditional pleas under Rule for Courts-Martial [hereinafter R.C.M.] 910(a)(2),[1] of disobeying a general order and possession of child pornography, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2006) [hereinafter UCMJ].  The military judge also convicted appellant, pursuant to his unconditional pleas, of additional charges of attempted larceny, larceny, and fraudulent claims, in violation of Articles 80, 121, and 132,

---

[1] R.C.M. 910(a)(2):  "*Conditional pleas*.  With the approval of the military judge and the consent of the Government, an accused may enter a conditional plea of guilty, reserving the right, on further review or appeal, to review of the adverse determination of any specified pretrial motion.  If the accused prevails on further review or appeal, the accused shall be allowed to withdraw the plea of guilty. . . ."

UCMJ. The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, and reduction to E-1. The convening authority approved a bad-conduct discharge, confinement for seventeen months, and reduction to E-1.

On 27 March 2012, we issued a memorandum opinion in this case, affirming the findings of guilty and the sentence. *United States v. Kelly*, ARMY 20090809, 2012 WL 1075703 (Army Ct. Crim. App. 27 Mar. 2012) (mem op.). On 23 May 2013, the Court of Appeals for the Armed Forces (CAAF) reversed our decision as to Charge I and its specification (possession of child pornography) and Charge II and its specification (violating a general regulation), setting aside those findings of guilty and dismissing those charges and specifications. *United States v. Kelly*, 72 M.J. 237 (C.A.A.F. 2013). CAAF affirmed our decision as to the remaining charges and specifications, reversed our decision as to the sentence, and returned the case to The Judge Advocate General of the Army for remand to this court for reassessment of the sentence or, if necessary, to order a sentence rehearing. *Id.* Consequently, appellant's case is once again before this court.

**LAW AND DISCUSSION**

We must now consider the impact of the error identified by our superior court and determine whether we can appropriately reassess the sentence. Before reassessing, we must be confident, "that, absent the error, the sentence would have been at least of a certain magnitude." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A.1991). Additionally, we must determine that a sentence we propose to affirm is "appropriate," as required by Article 66(c), UCMJ. In short, a reassessed sentence must be purged of prejudicial error and also must be appropriate for the offense and the offender involved. *Sales*, 22 M.J. at 307–08.

Although the sentencing landscape has changed somewhat on dismissal of Charges I and II and their specifications by reducing appellant's maximum exposure to confinement from thirty-two years to twenty years, we are convinced that we can reassess the sentence from appellant's judge-alone trial. We have considered the entire record and the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*. Among other things, we took into account appellant's more than twenty-one years of service, his multiple deployments, and his combat injuries. We also considered the serious nature of the remaining charges of which appellant stands convicted, to include the many fraudulent claims, larceny of military property

2

in excess of $9,000.00, and attempted larceny of funds from junior soldiers.[2]  In light of the foregoing, we are confident that appellant would have received a sentence on the remaining charges of no less than a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1.  We find such a sentence is correct in law and fact and, based on the entire record, should be approved.

## CONCLUSION

Reassessing the sentence on the basis of the entire record, this court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

Judge ALDYKIEWICZ and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2]  The misconduct surrounding these charges occurred while appellant was pending court-martial for unrelated charges and was assigned duties as the unit travel clerk.  In this capacity, he created false travel orders and submitted false travel vouchers to steal money from the U.S. Government.