# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DAVID G. SPICER, JR.**
**United States Army, Appellant**

ARMY 20090608

Headquarters, Fort Carson
Debra Boudreau, Military Judge (arraignment)
Michael Hargis, Military Judge (trial)
Colonel Michael W. Meier, Staff Judge Advocate

For Appellant: Mr. Frank J. Spinner, Esquire (argued); Lieutenant Colonel Jonathan Potter, JA; Mr. Frank J. Spinner, Esquire (on original brief & brief following remand); Lieutenant Colonel Jonathan Potter, JA; Captain E. Patrick Gilman, JA; Mr. Frank J. Spinner, Esquire (on supplemental brief).

For Appellee: Captain Steve T. Nam, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief following remand); Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Frank E. Kostik Jr., JA (on original brief); Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Steve T. Nam, JA (on supplemental brief).

28 June 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

YOB, Senior Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of two specifications of false official statement, and two specifications of child endangerment by design,[1] in violation of Articles 107

---

[1] Appellant pleaded guilty to child endangerment by culpable negligence. However, the government went forward with the charged, greater offense of child endangerment by design, of which appellant was found guilty.

and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1.[2]

Our court previously conducted appellate review pursuant to Article 66, UCMJ, affirming the findings and sentence. *United States v. Spicer*, ARMY 20090608, 2012 WL 346653 (Army Ct. Crim. App. 31 Jan. 2012) (summ. disp.). The Court of Appeals for the Armed Forces (CAAF) reversed our decision as to Charge I and its specifications, and dismissed that charge and its specifications. *United States v. Spicer*, 71 M.J. 470, 475 (C.A.A.F. 2013). CAAF affirmed the remaining findings of guilt, set aside the sentence, and returned the record to The Judge Advocate General for remand to this court for reassessment of the sentence or, alternatively, for us to order a rehearing on sentence. *Id.* Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

## LAW AND DISCUSSION

We must now consider the impact of the error identified by our superior court and determine whether we can appropriately reassess the sentence. Before reassessing, we must be confident, "that, absent the error, the sentence would have been at least of a certain magnitude." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A.1991). Additionally, we must determine that a sentence we propose to affirm is "appropriate," as required by Article 66(c), UCMJ. In short, a reassessed sentence must be purged of prejudicial error and also must be appropriate for the offense and the offender involved. *Sales*, 22 M.J. at 307–08.

Even after dismissal of the guilty findings for appellant's false official statement offenses, the two specifications of child endangerment by design, constituting the gravamen of appellant's misconduct, remain. Appellant, who was the sole custodial parent of an infant and toddler due to his spouse's deployment, effectively abandoned necessary parental care of his children for over a month, leading to grievous bodily harm and potential negative, long-term effects to the health and welfare of these children.

---

[2] Appellant's adjudged forfeitures were deferred for six months, and his automatic forfeitures were waived during that same period for the benefit of appellant's spouse.

The government's sentencing argument focused squarely on the wrongfulness of appellant's endangerment of his children and the harm it caused them, while incorporating the false statements appellant made as examples of how he attempted to avoid blame and deflect responsibility onto others. Indeed, we view appellant's false statements, even if not constituting offenses in their own right, as evidence of "aggravating circumstances directly relating to or resulting from" the child endangerment by design offenses, and thus still appropriate for consideration as factors in determining an appropriate sentence. Rule for Courts-Martial 1001(b)(4). We note that while the maximum punishment has decreased from one that included twenty-three years of confinement, to one that includes thirteen years of confinement, in light of the circumstances of this case and the aggravating evidence, the sentencing landscape has not drastically changed.

We are thus confident we can reassess appellant's sentence in accordance with the guidance set forth in *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), including those factors specifically discussed in Judge Baker's concurring opinion in *Moffeit*. Consequently, we are confident that for the specifications of child endangerment by design, of which appellant was found guilty, he would have received a sentence containing no less than a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade of E-1. We find such sentence is correct in law and fact and, based on the entire record, should be approved.

## CONCLUSION

Reassessing the sentence on the basis of the entire record, with due consideration to the written briefs on this issue submitted by the parties, and in accordance with the sentencing principles outlined above, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3