# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain DYANA T. THOMAS, SR.**
**United States Army, Appellant**

ARMY 20100182

U.S. Army Central, Coalition Forces Land Component Command
Patrick Parrish and James L. Pohl, Military Judges
Colonel Thomas D. Cook, Staff Judge Advocate (pretrial & recommendation)
Colonel Stephanie L. Stephens, Staff Judge Advocate (addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Meghan M. Poirer, JA (on brief & supplemental brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA (on brief & supplemental brief).

30 July 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a lawful general order, violating a lawful order, fraternization, and obstruction of justice, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2006) [hereinafter UCMJ]. In addition, a panel of officers convicted appellant, contrary to his pleas, of two specifications of fraternization in violation of Article 134, UCMJ.  The convening authority approved the sentence to a dismissal.

On 29 January 2013, we affirmed the findings of guilty and the sentence. *United States v. Thomas*, ARMY 20100182, 2013 WL 395653 (Army Ct. Crim. App. 29 Jan. 2013) (summ. disp.).  On 2 July 2013, the Court of Appeals for the Armed Forces (CAAF) reversed our decision as to Specifications 1 and 2 (both fraternization specifications) of Charge VII, setting aside those specifications.

*United States v. Thomas*, __ M.J. ___ (C.A.A.F. July 2, 2013) (summ. disp.). CAAF affirmed our decision as to the remaining charges and specifications, reversed our decision as to the sentence, and returned the case to The Judge Advocate General of the Army for remand to this court to either dismiss Specifications 1 and 2 of Charge VII and reassess the sentence base on the affirmed findings or order a rehearing on the affected charge and the sentence. *Id.* Consequently, appellant's case is once again before this court.

## LAW AND DISCUSSION

We must now consider the impact of the error identified by our superior court and determine whether we can appropriately reassess the sentence with the dismissal of Specifications 1 and 2 of Charge VII. If this court "can determine that, absent the error, the sentence would have been at least of a certain magnitude, then [we] may cure the error by reassessing the sentence instead of ordering a sentencing rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). Because the error in this case is of a constitutional magnitude, we "must be satisfied beyond a reasonable doubt that reassessment cured the error." *Doss*, 57 M.J. at 185 (citing *Sales*, 22 M.J. at 307). Additionally, we must determine that a sentence we propose to affirm is "appropriate," as required by Article 66(c), UCMJ. In short, a reassessed sentence must be purged of prejudicial error and also must be appropriate for the offense and the offender involved. *Sales*, 22 M.J. at 307–08.

In this case, the sentencing landscape has not dramatically changed with the dismissal of Specifications 1 and 2 of Charge VII. In fact the only change is a reduction of appellant's maximum exposure to confinement from thirteen years and six months to nine years and six months. Considering this non-dramatic change in the sentencing landscape along with the remaining charges, we are convinced that we can reassess the sentence. We have considered the entire record and the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*. Among other things, we took into account appellant's length of service (twenty years), his family, and his multiple deployments. We also considered the serious nature of the remaining charges of which appellant stands convicted, to include violating and disobeying orders, obstructing justice, and fraternizing with an enlisted person, which is the same enumerated offense as the two offenses that were dismissed. In addition, we also considered his prior conviction for mail fraud. In light of the foregoing, we are confident beyond a reasonable doubt that appellant would have received a sentence on the remaining charges of no less than a dismissal.

THOMAS—ARMY 20100182

We find such a sentence is correct in law and fact and, based on the entire record, should be approved.

## CONCLUSION

Specifications 1 and 2 of Charge VII are dismissed. The remaining findings of guilty have been previously affirmed by both this court and the Court of Appeals for the Armed Forces. After reassessing the sentence on the basis of the error noted above and the entire record, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court