# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RODGER S. DANES**
**United States Army, Appellant**

ARMY 20091072

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Michael J. Benjamin, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Tiffany K. Dewell, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Nathan S. Mammen, JA (on brief).

31 July 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, in accordance with his pleas, of one specification of false official statement and one specification of wearing an unauthorized Ranger tab in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 934 (2006) [hereinafter UCMJ]. Contrary to his pleas, the military judge convicted appellant of one specification of false official statement, one specification of larceny of military property, and three specifications of wearing unauthorized badges or ribbons, in violation of Articles 107, 121, and 134, UCMJ. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1.

On 23 November 2011, we affirmed the findings of guilty and the sentence. *United States v. Danes*, ARMY 20091072, 2011 WL 6010041 (Army Ct. Crim. App. 23 Nov. 2011) (mem. op.). On 10 July 2012, the Court of Appeals for the Armed Forces (CAAF) reversed our decision as to Specifications 2, 4, and 6 of Charge III, the three specifications of wearing unauthorized badges or ribbons in violation of

Article 134, UCMJ, and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Danes*, 71 M.J. 353 (C.A.A.F. July 10, 2012) (summ. disp.). On 11 September 2012, we again affirmed the findings of guilty and the sentence. *United States v. Danes*, ARMY 20091072, 2012 WL 4052518 (Army Ct. Crim. App. 11 Sep. 2012) (summ. disp.). On 22 July 2013, our superior court again reversed our decision as to Specifications 2, 4, and 6 of Charge III, the three specifications of wearing unauthorized badges or ribbons in violation of Article 134, UCMJ, setting aside the findings of guilty as to those specifications and reversing the sentence. *United States v. Danes*, __ M.J. ___ (C.A.A.F. July 22, 2013) (summ. disp.). The CAAF affirmed the remaining findings and then returned the record of trial to The Judge Advocate General of the Army for remand to this court to either dismiss Specifications 2, 4, and 6 of Charge III and reassess the sentence based on the affirmed findings or order a rehearing on the affected charge and sentence. *Id*. Consequently, appellant's case is once again before this court.

## LAW AND DISCUSSION

We must now consider the impact of the error identified by our superior court and determine whether we can appropriately reassess the sentence with the dismissal of Specifications 2, 4, and 6 of Charge III. If this court "can determine that, absent the error, the sentence would have been at least of a certain magnitude, then [we] may cure the error by reassessing the sentence instead of ordering a sentencing rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). Because the error in this case is of a constitutional magnitude, we "must be satisfied beyond a reasonable doubt that . . . reassessment [can cure] the error." *Doss*, 57 M.J. at 185 (citing *Sales*, 22 M.J. at 307). Additionally, we must determine that a sentence we propose to affirm is "appropriate," as required by Article 66(c), UCMJ. In short, a reassessed sentence must be purged of prejudicial error and also must be appropriate for the offense and the offender involved. *Sales*, 22 M.J. at 307–08.

In this case, the sentencing landscape does not change with the dismissal of Specifications 2, 4, and 6 of Charge III. This case is a special court-martial, and the maximum punishment remains unchanged. Viewing the remaining convictions in this context, we are convinced that we can reassess the sentence from appellant's judge-alone trial. We have considered the entire record and the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*. Among other matters, we took into account appellant's length of service, his family, and his deployment history. We also considered the serious nature of appellant's remaining

2

convictions, to include submitting false records, stealing, as well as the unauthorized wear of a Ranger tab on his uniform. In addition, we also considered appellant's record of prior non-judicial punishment. In light of the foregoing, we are confident beyond a reasonable doubt that appellant would have received a sentence on the remaining convictions of no less than a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1. We find such a sentence is correct in law and fact and, based on the entire record, should be approved.

## CONCLUSION

Specifications 2, 4, and 6 of Charge III are dismissed. The remaining findings of guilty have been previously affirmed by both this court and the CAAF. After reassessing the sentence on the basis of the error noted above and the entire record, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court