# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 TIMOTHY E. BENNITT**
**United States Army, Appellant**

ARMY 20100172

Headquarters, I Corps
Kwasi Hawks, Military Judge
Lieutenant Colonel Gregg A. Engler, Staff Judge Advocate (post-trial)
Colonel Walter M. Hudson, Staff Judge Advocate (addendum)

For Appellant: Major Richard E. Gorini, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief)

25 September 2013

--------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
--------------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of four specifications of wrongful distribution of a controlled substance and four specifications of wrongful use of a controlled substance, each in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ]. Contrary to appellant's plea, the military judge also convicted appellant of involuntary manslaughter by aiding and abetting in violation of Article 119(b)(2), UCMJ.[*] The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for seventy months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority also credited appellant with 360 days of confinement against his sentence to confinement.

---

[*] The military judge acquitted appellant of involuntary manslaughter by culpable negligence under Article 119(b)(1), UCMJ.

On 16 May 2012, in a per curiam opinion, this court affirmed the findings and sentence. Our superior court, in *United States v. Bennitt*, 72 M.J. 266 (C.A.A.F. 2013), reversed our decision in regard to the Article 119(b)(2), UCMJ, offense. In setting aside the finding of guilty and dismissing the specification for legal insufficiency, our superior court found appellant's distribution of oxymorphone to LK, his 16 year old girlfriend, which led to her death by overdose, did "not constitute an "offense directly affecting the person." Our superior court also set aside appellant's sentence; affirmed the remaining findings of guilty; and returned the record of trial to The Judge Advocate General of the Army, who in turn returned the record to this court for a sentence reassessment or rehearing on the sentence.

## LAW AND DISCUSSION

We must now decide whether we can "reliably determine what sentence would have been imposed at the trial level if the error had not occurred." *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). If this court "can determine, that, absent the error, the sentence would have been at least of a certain magnitude, then [we] may cure the error by reassessing the sentence instead of ordering a sentence rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *Sales*, 22 M.J. at 308). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). A sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). A reassessed sentence must be purged of prejudicial error and also must be appropriate for the offense and the offender involved. *Sales*, 22 M.J. at 307-308.

In this case, we are convinced that absent the noted error, appellant's sentence would have been at least of a certain magnitude. In doing so, we note the sentencing landscape has not dramatically changed by setting aside the Article 119(b)(2), UCMJ, conviction. Although appellant now stands acquitted of involuntary manslaughter, pursuant to Rule for Courts-Martial 1001(b)(4), LK's death was directly related to appellant's conviction for oxymorphone distribution. Therefore, the evidence underlying the dismissed charge was proper aggravation evidence and it would have therefore been proper for the government to offer the following evidence: that appellant crushed an oxymorphone pill for LK and her friend TY; divided the contents for LK and TY who both then ingested the drug; and that pursuant to a toxicologist's trial testimony, although a combination of drugs could account for LK's death, "within a reasonable degree of scientific certainty" the oxymorphone was the "much bigger player" in LK's death. This aggravation evidence would therefore have been available to the military judge during sentencing regardless of it appearing on the charge sheet. Viewing the remaining convictions in light of this context, we are convinced that we can reassess the sentence from appellant's trial.

In reassessing the sentence, we have considered the entire record and the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*. Among other matters, we took into account appellant's length of service and his service record. We also considered the serious nature of appellant's remaining convictions. These offenses, including multiple drug distribution offenses that involved fellow soldiers and were committed on an Army installation, carry a maximum punishment that included seventy-two years of confinement. In addition, the dismissed offense merely reduced the maximum period of confinement from eighty-two years of confinement to seventy-two years. Based on the foregoing, we are convinced that appellant would have received a sentence on the remaining convictions of no less than that approved by the convening authority.

## CONCLUSION

After reassessing the sentence and the entire record, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our superior court's decision, are ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court