# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant DAVID E. GRAHAM**
**United States Army, Appellant**

ARMY 20110422

Seventh U.S. Army Joint Multinational Training Command
Jeffrey R. Nance, Military Judge (Arraignment)
Christopher Fredrikson, Military Judge (Trial)
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA  (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Elisabeth A. Claus, JA; Captain Sean Fitzgibbon, JA (on brief).

25 October 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A panel composed of officer and enlisted members sitting as a special court-martial convicted appellant, contrary to his pleas, of three specifications of assault consummated by battery[*] and one specification of soliciting another to commit an offense (assault), in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, forfeiture of $978.00 pay per month for three months, and reduction to the grade of E-1.  The convening authority awarded appellant one day of confinement credit.

---

[*] After findings, but prior to sentencing, the military judge dismissed one of the assault specifications on a motion of the government.

The case is now before this court for review under Article 66, UCMJ. Appellant raises two assignments of error to this court and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant's second assignment of error warrants discussion and relief. The remaining assignment of error and those matters personally raised by appellant are without merit.

## LAW AND DISCUSSION

*Failure to Allege the Terminal Element of Article 134, UCMJ*

In consideration of our superior court's decision in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are compelled to set aside the findings of guilty to Charge II and its Specification, soliciting another to commit an offense under Article 134, UCMJ.

Here, the Specification of Charge II does not allege the Article 134, UCMJ, terminal element of conduct that is prejudicial to good order and discipline (Clause 1) or of a nature to bring discredit upon the armed forces (Clause 2). "Where, as here, a specification neither expressly alleges nor necessarily implies the terminal element, the specification is defective." *United States v. Gaskins*, 72 M.J. 225, 232 (C.A.A.F. 2013) (citing *United States v. Fosler*, 70 M.J. 225, 229–30 (C.A.A.F. 2011)). However, appellant did not object to the form of the specification at trial, and "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error—which, in most cases will turn on the question of prejudice." *United States v. Humphries*, 71 M.J. 209, 213–14 (C.A.A.F. 2012) (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Humphries*, 71 M.J. at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

After thoroughly reviewing the record, we do not find any indication appellant was on notice of the missing terminal element required to prove the solicitation offense prior to the government's closing argument. Additionally, the government conceded this point in their response to appellant's assignment of error. Therefore, based on a totality of the circumstances in this case, we are convinced appellant was not placed on sufficient notice of the government's theory as to which clause(s) of Article 134, UCMJ, he violated. As a result, appellant's substantial right to notice was materially prejudiced by the government's failure to allege the terminal

element. *See* UCMJ art. 59(a). Accordingly, the findings of guilty of Charge II and its Specification are set aside

*Reassessment of the Sentence*

We must now consider and determine whether we can appropriately reassess the sentence after setting aside the findings of Charge II and its Specification. If this court "can determine that, absent the error, the sentence would have been at least of a certain magnitude, then [we] may cure the error by reassessing the sentence instead of ordering a sentencing rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). A "dramatic change in the 'penalty landscape'" lessens our ability to reassess a sentence. *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003). Ultimately, a sentence can be reassessed only if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991). Because the error in this case is of a constitutional magnitude, we "must be satisfied beyond a reasonable doubt that . . . reassessment [can cure] the error." *Doss*, 57 M.J. at 185 (citing *Sales*, 22 M.J. at 307). Additionally, we must determine that a sentence we propose to affirm is "appropriate," as required by Article 66(c), UCMJ. In short, a reassessed sentence must be purged of prejudicial error and also must be appropriate for the offense and the offender involved. *Sales*, 22 M.J. at 307–08.

In this case, the sentencing landscape does not change with the setting aside of Charge II and its Specification. Viewing the remaining convictions in this context, we are convinced that we can reassess the sentence from appellant's trial. We have considered the entire record and the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*. Among other matters, we took into account appellant's length of service, his family, and his service record. We also considered the serious nature of appellant's remaining convictions and that they still carried a potential combined sentence to confinement of one year. Thus, the maximum penalty at the special court-martial did not change. In light of the foregoing, we are confident beyond a reasonable doubt that appellant would have received a sentence on the remaining convictions of no less than that approved by the convening authority.

## CONCLUSION

The findings of guilty of Charge II and its Specification are set aside. The remaining findings of guilty are AFFIRMED. After reassessing the sentence on the basis of the error noted above, the submissions of the parties, and the entire record, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court