# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32799

————————————

### UNITED STATES
*Appellee*

**v.**

### Keontae M. MIMS
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 11 December 2025

————————————

*Military Judge*: Matthew P. Stoffel.

*Sentence*: Sentence adjudged 1 July 2024 by SpCM convened at Kirtland Air Force Base, New Mexico. Sentence entered by the military judge on 6 August 2024: Bad-conduct discharge, confinement for 60 days, forfeiture of $1,926.00 pay per month for 2 months, reduction to E-1, and a reprimand.

*For Appellant*: Lieutenant Colonel Jarett F. Merk, USAF; Major Frederick J. Johnson, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF.

Before DOUGLAS, MASON, and KUBLER, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, pursuant to his pleas and a plea agreement, of one specification of wrongful use of marijuana, a Schedule I controlled substance, while on duty, and one

specification of wrongful use of marijuana, on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 60 days, forfeiture of $1,926.00 pay per month for two months, reduction to the paygrade of E-1, and a reprimand. The convening authority took no action on the findings or the sentence.

Appellant raised no assignments of error before this court. However, upon our review, we discovered that pursuant to Appellant's plea agreement, once accepted, the trial judge was required to enter a sentence that included "[f]orfeitures of [two-thirds] pay for two months," and "[r]eduction in grade to E-1." Forfeitures adjudged at a special court-martial may not exceed two-thirds pay per month for one year. *See* Article 19(a), UCMJ, 10 U.S.C. § 819(a). The trial judge announced the sentence, including "[t]o forfeit $1,926[.00] pay per month, for two months," and "[t]o be reduced to the grade of E-1," but did not consider the reduced grade in his calculation of forfeitures as required. *See* Rule for Courts-Martial 1003(b)(2). As a result, the trial judge sentenced Appellant to forfeit more money per month than the statutory maximum. We modify the forfeiture to reflect the military judge's apparent intent, along with the parties, that Appellant be sentenced to forfeitures of two-thirds pay per month for two months, but at the correct rate of $1,331.00. *See* Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1).[2]

The findings as entered are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d). *Manual for Courts-Martial, United States* (2024 ed.). We modify Appellant's sentence to a bad-conduct discharge, confinement for 60 days, forfeiture of $1,331.00 pay per month for two months, reduction to the grade of E-1, and a reprimand. As modified, the sentence is correct in law and fact, and no other error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 859(a), 866(d).

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] *See also United States v. Devlin*, No. ACM S31858, 2012 CCA LEXIS 892, at *5 (A.F. Ct. Crim. App. 11 Dec. 2012) (unpub. op.) (citing *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991) (where this court was confident that it could discern the extent of the trial error's effect on the sentencing authority's decision and therefore may adjust the sentence accordingly).

Accordingly, the findings and sentence, as modified, are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court