# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICKEY B. KEEN**
**United States Army, Appellant**

ARMY 20130473

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Lieutenant Colonel Sebastian A. Edwards, Staff Judge Advocate

For Appellant:  Major Vincent T. Shuler, JA; Captain Michael J. Millios, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

26 March 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BORGERDING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of failure to obey a lawful general regulation by possessing drug paraphernalia; two specifications of wrongful use of a schedule II controlled substance; one specification of wrongful appropriation of money of a value more than $500; and one specification of forgery, in violation of Articles 92, 112a, 121, and 123, 10 U.S.C. §§ 892, 912a, 921, and 923, Uniform Code of Military Justice (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-1.  The convening authority disapproved the finding of guilty of one wrongful use specification (Specification 2 of Charge II) and approved the remaining findings of guilty.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1.  Appellant was credited with 104 days of confinement against the sentence to confinement.

This case was submitted to the court on its merits for review pursuant to Article 66, UCMJ. Appellant personally raised several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we find are without merit. However, upon review, we have identified one issue worthy of discussion, but no relief.

Appellant pled guilty to numerous charges and specifications, all relating to his addiction to pain medications. In particular, appellant pled guilty to Specification 2 of Charge II, which alleged he wrongfully used morphine, a schedule II controlled substance. Despite this plea, appellant's defense counsel raised several allegations of legal error as to this specification in appellant's post-trial matters. Defense counsel asserted, *inter alia*, that the government "erred by using a purely rehabilitative urinalysis for a criminal proceeding."

The staff judge advocate (SJA) in the addendum to his post-trial recommendation (addendum) agreed with this assertion of legal error and recommended that the convening authority disapprove and dismiss the finding of guilty of Specification 2 of Charge II and approve the remaining findings of guilty. Stating that "clemency is warranted," the SJA further recommended that the convening approve only so much of the sentence as provided for a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1. The convening authority accepted the SJA's recommendations in their entirety.

We find the SJA failed to properly advise the convening authority of his sentence reassessment responsibilities in light of the disapproved finding of guilty. *See United States v. Reed*, 33 M.J. 98, 99-100 (C.M.A. 1991); *United States v. Taylor*, 47 M.J. 322, 323-24 (C.A.A.F. 1997). If a convening authority disapproves a finding to cure a legal error, then his action on the sentence "must be guided by the same [sentence reassessment] rules applicable to appellate authorities." *Reed*, 33 M.J. at 99. *See generally United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Therefore, the SJA is required to provide proper legal guidance to the convening authority about sentence reassessment. *Reed*, 33 M.J. at 99-100.

Because the SJA stated only that "clemency is warranted" when making his recommendation as to sentence, the SJA "failed to furnish the convening authority with any analytical method concerning how to adjust the sentence in light of the error—or, for that matter, concerning how the staff judge advocate himself arrived at his recommended adjustment." *Id.* at 99. "[W]here a staff judge advocate recommends certain curative action on the sentence, it is imperative that he make clear to the convening authority the distinction between, on the one hand, curing any effect that the error may have had on the sentencing authority and, on the other, determining anew the appropriateness of the adjudged sentence." *Id.* at 100 (internal

2

citation omitted).  As a result, we find the SJA's advice to the convening authority was erroneous.

However, under the facts of this case we are confident we can reassess appellant's sentence rather than remand the case to the convening authority for a new action and staff judge advocate recommendation.  *See Taylor*, 47 M.J. 322 (permitting a service court of criminal appeals to reassess a sentence when the staff judge advocate failed to advise the convening authority of the proper reassessment standard); *Winckelmann*, 73 M.J. at 15 ("If the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error.").

In evaluating the *Winkelmann* factors, we find there is no dramatic change to the penalty landscape.  73 M.J. at 15-16.  As to confinement and discharge, appellant's maximum sentence absent the finding of guilty as to Specification 2 of Charge II included sixteen years and six months and a dishonorable discharge. Appellant's adjudged sentence included only a small fraction of the maximum confinement time permitted and a bad-conduct discharge.  Appellant also remains convicted of another wrongful use of a schedule II controlled substance, forgery, wrongful appropriation, and several failures to obey a lawful general regulation by possessing drug paraphernalia.  These offenses captured the gravamen of his criminal conduct.  *Id.* at 16.  This court reviews the records of a substantial number of courts-martial involving the wrongful use of controlled substances, wrongful possession of drug paraphernalia, forgery, and wrongful appropriation, and we have extensive experience with the level of sentences imposed for such similar combinations of offenses under various circumstances.  *Id.*  Finally, appellant was sentenced by a military judge alone.  *Id.*

We find that even absent the charge of wrongful use of morphine, we are confident appellant would have received a sentence from the military judge at least as severe as that approved by the convening authority.  *See Sales*, 22 M.J. 305; *Winckelmann*, 73 M.J. 11.  We also conclude, pursuant to Article 66, UCMJ, that such a sentence is appropriate for the remaining guilty findings.

The findings of guilty are AFFIRMED.  Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Sales*, 22 M.J. 305, and *Winckelmann*, 73 M.J. 11, the sentence approved by the convening authority is AFFIRMED.

Senior Judge LIND and Judge KRAUSS concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court