UNITED STATES, Appellee

v.

Robert J. ROSENTHAL, Private
U.S. Marine Corps, Appellant

No. 05-0244

Crim. App. No. 9901332

United States Court of Appeals for the Armed Forces

Argued November 2, 2005

Decided December 20, 2005

PER CURIAM


<u>Counsel</u>


For Appellant:  Lieutenant <u>Jason S. Grover</u> JAGC, USN (argued).


For Appellee:  Major <u>Kevin C. Harris</u>, USMC (argued); <u>Colonel</u>
<u>Ralph F. Miller</u>, USMC (on brief); <u>Commander C. N. Purnell</u>, JAGC,
USN, and <u>Lieutenant Guillermo J. Rojas</u>, JAGC, USNR.


Military Judge:  F. A. Delzompo


<u>THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION</u>.

PER CURIAM:

At a special court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of wrongful use of amphetamine/methamphetamine and marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000).  The adjudged sentence included a bad-conduct discharge, confinement for four months, and forfeiture of $639.00 pay per month for four months.  The convening authority approved the sentence, and suspended confinement in excess of thirty days for twelve months pursuant to a pretrial agreement.  On appeal, the United States Navy-Marine Corps Court of Criminal Appeals set aside the convening authority's action and remanded the case for a new action in an unpublished opinion.  United States v. Rosenthal, No. NMCCA 9901332 (N-M. Ct. Crim. App. Nov. 29, 2000).  The convening authority, in the new action, approved the sentence, subject to the same provisions for limited suspension of confinement.  The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.  United States v. Rosenthal, No. NMCCA 9901332, 2004 CCA LEXIS 195, 2004 WL 1917880 (N-M. Ct. Crim. App. Aug. 27, 2004).

On Appellant's petition, we granted review of the following issue:

2

> WHETHER THE LOWER COURT ERRED IN FINDING THAT
> APPELLANT WAIVED HIS RIGHT TO SUBMIT CLEMENCY MATTERS
> IN HIS SECOND POST-TRIAL REVIEW PROCESS.

For the reasons discussed below, we remand for a new post-trial review and action.

Before a convening authority acts on the results of trial, an accused has the opportunity to "submit to the convening authority any matters that may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence."  Rule for Courts-Martial (R.C.M.) 1105(b)(1).  See Article 60(b)(1), UCMJ, 10 U.S.C. § 860(b)(1) (2000).  The convening authority's action provides the accused's "best hope" for clemency.  United States v. Stephenson, 33 M.J. 79, 83 (C.M.A. 1991).  See, e.g., United States v. Gilley, 56 M.J. 113, 124 (C.A.A.F. 2001); United States v. Wheelus, 49 M.J. 283, 287 (C.A.A.F. 1998).

Under R.C.M. 1105(d)(1), "[f]ailure to submit matters within the time prescribed by th[e] rule shall be deemed a waiver of the right to submit such matters."  R.C.M. 1105(d)(3) provides:  "The accused may expressly waive, in writing, the right to submit matters under this rule.  Once filed, such waiver may not be revoked."  A waiver under R.C.M. 1105(d) must be knowing and intelligent.  See Stephenson, 33 M.J. at 83 (A defense counsel's deficient advice regarding appellant's post-

3

trial rights "could not possibly produce a <u>knowing and intelligent</u> waiver of appellant's right to submit clemency matters."). We consider the issue of waiver as a question of law under a de novo standard of review. See <u>United States v. Gudmundson</u>, 57 M.J. 493, 495 (C.A.A.F. 2002).

Prior to the convening authority's initial action on the results of trial in the present case, Appellant did not file either a post-trial submission or a written waiver of the right to do so under R.C.M. 1105(d)(3). Pursuant to written instructions from Appellant, defense counsel did not submit clemency matters to the convening authority. Absent such a submission, the convening authority could proceed on the basis that Appellant had waived his right to make such a submission under R.C.M. 1105(d)(1). In the present appeal, Appellant does not challenge the application of the waiver rule to the convening authority's initial action.

Subsequently, the Court of Criminal Appeals set aside the convening authority's action and remanded the case for a new action. The staff judge advocate prepared a new recommendation to the convening authority and served it on defense counsel. Although nearly two years had passed since the first post-trial proceeding, defense counsel did not contact Appellant or otherwise ensure that his client was informed of the new post-trial proceeding and the opportunity to submit matters to the

convening authority.  Instead, counsel relied on the instructions provided by Appellant two years earlier in the immediate aftermath of trial, and decided not to provide any post-trial submission on his client's behalf during the new post-trial proceeding.

When a case is remanded for a new convening authority's action, the convening authority is not limited to considering the circumstances as they existed at the time of the initial review.  The convening authority may consider other appropriate matters -- including changes in circumstances following the initial action on the case -- for purposes of determining whether clemency or other post-trial action is warranted.  See R.C.M. 1107(b)(1); 1107(b)(3)(B)(iii); 1107(d).  A servicemember has the corresponding right to bring "[m]atters in mitigation which were not available for consideration at the court-martial" to the attention of the convening authority.  See R.C.M. 1105(b)(2)(C).

A decision by an appellate court to set aside the convening authority's action on the results of trial is a significant development because it entitles an appellant to a new post-trial proceeding.  Counsel for an appellant should ascertain the client's views before deciding how to address the opportunities presented by the new proceeding.  See Dep't of the Navy, Judge Advocate General, JAGINST 5803.1B, Professional Conduct of

Attorneys Practicing Under the Cognizance and Supervision of the Judge Advocate General, R. 1.4 and cmt. (2000) (rule entitled "Communication"). Counsel cannot assume that a client, who previously declined to seek clemency in the immediate aftermath of a trial, will necessarily have the same view when an appellate court orders a new recommendation and action -- particularly when the opportunity to make a new submission arises more than two years later. In this case, it was error for counsel to proceed without ensuring that Appellant had made a knowing and intelligent waiver of the right to make a submission during the second post-trial review process.

We test this error for prejudice. "Because clemency is a highly discretionary Executive function, there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" Wheelus, 49 M.J. at 289 (citing United States v. Chatman, 46 M.J. 321, 323-34 (C.A.A.F. 1997)). Appellant's unrebutted affidavit provides evidence relevant to clemency regarding changes in Appellant's circumstances during the two-year period between the convening authority's first and second actions. Appellant stated that he had matured, ceased his drug use, was studying for a commodity broker's license, and wished to stay in the Marine Corps. The decision as to whether any or all of these matters would warrant clemency is a matter

6

committed to the discretion of the convening authority under Article 60(c), UCMJ, 10 U.S.C. § 860(c) (2000), and R.C.M. 1107. For purpose of this appeal, Appellant has demonstrated a colorable showing of possible prejudice.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside. The record is returned to the Judge Advocate General of the Navy for remand to the convening authority for a new post-trial review and action.