UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 ISMAEL A. VILLANUEVA
 United States Army, Appellant

 ARMY 20090967

 Headquarters, United States Army Infantry Center and Fort Benning
 James L. Pohl, Military Judge
 Lieutenant Colonel Jeffrey D. Lippert, Deputy Staff Judge Advocate
 (pretrial)
 Colonel Tracy A. Barnes, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley Voorhees, JA; CPT Barbara A. Snow-Martone, JA (on
brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Christopher B.
Burgess, JA; Major Lajohnne A. White, JA; Major Thomas E. Brzozowski, JA
(on brief); Colonel Michael E. Mulligan, JA; Major Lajohnne A. White, JA;
Major Amber J. Williams, JA; Captain Ben Owens-Filice, JA (Motion for
Reconsideration).

 28 March 2011

 ------------------------------------------------------------------
 SUMMARY DISPOSITION ON RECONSIDERATION
 ------------------------------------------------------------------

CONN, Senior Judge:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of absence without leave in excess of
thirty days and separate specifications of wrongful use of marijuana and
cocaine, in violation of Articles 86 and 112a, Uniform Code of Military
Justice, 10 U.S.C. §§ 886 and 912a [hereinafter UCMJ]. The military judge
sentenced appellant to a bad conduct discharge and confinement for 131
days. The convening authority approved the sentence as adjudged.

 On 10 February 2011, this court affirmed the findings but directed
payment of one month’s forfeited pay to appellant’s dependents based on
appellant’s asserted error in post-trial appellate rights regarding the
option to request that the convening authority waive forfeitures under
Article 58b, UCMJ. On 14 March 2011 the appellee filed a Motion for
Reconsideration of this court’s 10 February 2011 decision. On 22 March
2011 we granted appellee’s Motion for Reconsideration.

 We have considered the record of trial, appellant's assignments of
error, the matters personally raised by appellant pursuant to United States
v. Grostefon, 12 M.J. 431 (C.MA. 1982) and the government's Motion for
Reconsideration. We vacate our prior disposition and order a new review
and action.

 FACTS

 In an affidavit appellant alleges that his trial defense counsel was
ineffective by failing to discuss with him the option of requesting
deferment and waiver of statutory forfeitures flowing from his sentence.
As a consequence, he contends he was unaware he had such rights. Appellant
asserts he would have requested waiver of statutory forfeitures from the
convening authority on behalf of his diabetic wife and six year old step-
daughter, both of whom were financially dependent on appellant. The
written post-trial appellate rights advice attached to and discussed with
appellant on the record makes clear he was in fact advised of the option to
request to defer punishments, including forfeitures. However, the record
was silent on specific advice on his option to request waiver of
forfeitures for the benefit of dependents. Consequently, to evaluate
appellant’s contention, we ordered appellant’s trial defense counsel to
provide an affidavit addressing the issue.

 In her affidavit, the trial defense counsel asserts that she did in
fact specifically advise appellant of both the option to request that the
convening authority defer statutory forfeitures under Article 57a and waive
them under Article 58b for the benefit of his dependents. Her affidavit
explains appellant elected not to request either, and specifically did not
wish to request waiver because he was estranged from his wife, who was
living with another man. This is consistent with appellant’s unsworn
testimony at trial, in which appellant stated he began his AWOL because he
knew his wife was cheating on him and that he was separated from her.

 Law and DISCUSSION
 Allegations of ineffective assistance of counsel based on alleged
failure to fully advise soldiers of their post-trial rights is probably the
most regularly raised assignment of error before our court. United States
v. Fordyce, 69 M.J. 501, 505 (Army Ct. Crim. App. 2010). Our ability to
resolve this ubiquitous issue is circumscribed by two factors: the
prohibition as a general matter to substantively consider information in
affidavits which are in conflict, United States v. Ginn, 47 M.J. 236, 243
(C.A.A.F. 1997), and the requirement to grant relief in matters related to
the post-trial process based on a “colorable showing of prejudice.” United
States v. Chatman, 46 M.J. 321, 323-24 (C.A.A.F. 1997).

 Strickland v. Washington, 466 U.S. 668, 687 (1984), requires us to
evaluate ineffective assistance claims based on whether counsel’s
performance was in fact deficient, and if so, whether counsel’s deficient
conduct in fact prejudiced appellant. In seeking to develop facts
regarding post-trial matters under the first prong of Strickland, as
constrained by Ginn, our options are limited. In this case, appellant’s
assertion that his wife and step-child were “wholly” dependent on him
financially is supported only by the naked and otherwise unsubstantiated
assertion in his affidavit. After receiving an affidavit from defense
counsel which conflicts with appellant’s, we may discount appellant’s
affidavit under the first, second or fourth “Ginn” principles, or employ
the expensive, cumbersome, and difficult DuBay evidentiary hearing process.
See Ginn, 47 M.J. at 248. In our view, the DuBay formal evidentiary
hearing requirement imposes a substantial burden on counsel, courts,
commanders and appellants and should be employed judiciously. Given the
number of allegations like appellant’s raised before our court, routinely
ordering a DuBay hearing for such matters would impose a substantial and
unjustified burden on the system.

 Regarding the prejudice prong of Strickland in post-trial matters, we
understand and respect the proposition that because a convening authority’s
decision to grant post-trial relief or clemency is wholly discretionary,
United States v. Rosenthal, 62 M.J. 261, 263 (C.A.A.F. 2005), a lesser
showing of prejudice is appropriate in granting appellate relief. The
supposition here that the convening authority might have exercised his
discretion to waive forfeitures based on the appellant’s assertion
represents the faintest shade of colorable prejudice.

 As to the substantive issue of whether appellant received ineffective
assistance of counsel, Ginn prevents us from formally making findings
regarding whether defense counsel performance was deficient without a DuBay
hearing, under the facts of this case. Moreover, we find that Chatham’s
lowered standard of prejudice unique to post-trial representation skews
Strickland by altering the otherwise heavy burden to obtain relief for
purportedly deficient representation in favor of appellant. United States
v. Garcia, 59 M.J. 407, 450 (C.A.A.F. 2004).

 Under the facts of this case, we are confident that a DuBay hearing
could not possibly put appellant in a better position than the relief we
provide. Likewise, we are confident there is no need to further delve into
the issue of ineffective assistance of counsel. Nothing would be gained by
a DuBay hearing. However, both to protect the interests of justice and
promote judicial economy, we order a new review and action.

 CONCLUSION

 The convening authority’s initial action, dated 30 November 2009, is
set aside. The record of trial is returned to The Judge Advocate General
for a new staff judge advocate recommendation and a new initial action by
the same or a different convening authority in accordance with Article
60(c)-(e), UCMJ. This remedy will afford appellant the requested
opportunity to submit a request for waiver of the thirty-nine days of
partial forfeitures to which he was subject, for the benefit of his wife
and step-daughter.

Judge HOFFMAN concurs.

Judge GIFFORD, dissenting:

 I respectfully dissent from the majority's decision to order a new
review and action. Based on the conflicting sworn affidavits in this case
regarding whether appellant was advised of his right to submit a request
for waiver of forfeiture under Article 58b, UCMJ, and this court's limited
fact-finding authority, a DuBay hearing is the appropriate course of
action. The DuBay process exists to allow the investigation of post-trial
factual disputes. United States v. Ginn, 47 M.J. 236, 243-244 (C.A.A.F.
1997); see also United States v. DuBay, 17 U.S.C.M.A. 147, 37 C.M.R. 411
(1967). The majority's comments on how often the issue of post-trial
ineffective assistance of counsel is raised are likely accurate, but I
disagree that there exists a tension in case law applicable to analysis of
such issues. Whether this court should grant a new review and action is
dependent on the facts. The facts are in conflict. The DuBay procedure is
appropriate to investigate and resolve factual conflicts. In turn, this
court can determine what relief, if any, appellant should receive. For
these reasons, I dissent.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court