# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant ERIC A. SPITALE**
**United States Army, Appellant**

ARMY 20170128

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael P. Baileys, Acting Staff Judge Advocate (post-trial)
Colonel John S. Frost, Staff Judge Advocate (new addendum)

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief and reply brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA (on brief).

16 August 2018

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

HAGLER, Judge:

We return this case to The Judge Advocate General for a new action by the same or a different convening authority, as specified in our decretal paragraph.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failing to obey a lawful general regulation and making a false official statement, in violation of Articles 92 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907 (2012) [UCMJ]. Contrary to his pleas, appellant was found guilty of indecent conduct in violation of Article 134, UCMJ, but the military judge conditionally dismissed this offense as an unreasonable multiplication of charges with the Article 92 offense. The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-3. The convening authority approved the adjudged sentence.

On 14 February 2018, this court returned the case for a new action by the convening authority.[1] The former convening authority's successor approved the adjudged sentence. The case is again before us for review under Article 66, UCMJ. Appellant now assigns one error: the new convening authority failed to give appellant an opportunity to present additional matters under Rule for Courts-Martial (R.C.M.) 1105. Appellant asks this court to return the case for a new action and for any other appropriate relief.[2]

## BACKGROUND

Appellant was a 39-year-old noncommissioned officer stationed in Korea, who regularly socialized with a junior soldier he directly supervised, Specialist (SPC) P. Appellant went to bars with him, invited SPC P to his off-post residence, and eventually involved SPC P in sexual activities with appellant and appellant's wife. These activities, which appellant recorded on video, gave rise to the charges in this case. Appellant pleaded guilty to having a relationship with SPC P prohibited by Army Reg. 600-20, Personnel-General: Army Command Policy (18 Mar. 2008) (Rapid Action Revision, 20 Sept. 2012) [hereinafter AR 600-20], and to lying to a military law enforcement agent when asked whether he had shared the sex videos with other people. Appellant pleaded not guilty to indecent conduct by engaging in sexual acts in the presence of SPC P, but he was found guilty of this specification by the military judge.[3]

After the case was returned for a new action, the Staff Judge Advocate (SJA) prepared a new addendum, noting why the previous action had been set aside and specifically mentioning appellant's request to disapprove the bad-conduct discharge. The addendum correctly informed the convening authority that he could disapprove the adjudged sentence in whole or in part, mitigate the sentence, or change the punishment to one of a different nature, so long as he did not increase the severity.

---

[1] *United States v. Spitale*, ARMY 20170128, 2018 CCA LEXIS 74 (Army Ct. Crim. App. 14 February 2018) (summ. disp.).

[2] Appellant personally raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). In addition to the matters discussed in this opinion, appellant claims that government counsel elicited improper sentencing evidence on the merits and made improper sentencing argument, assertions we find to be without merit.

[3] After findings and before sentencing, the military judge found this specification to be an unreasonable multiplication of charges, as it was wholly encompassed by the conduct alleged in the Article 92 violation. The judge granted a conditional dismissal of the specification, to take effect if the Article 92 charge and its specification survived appellate review.

The list of enclosures to the addendum included the record of trial, the Report of Result of Trial, appellant's clemency matters, and this court's opinion setting aside the previous action. The convening authority's new action memorandum contains a list of items he considered, to include the addendum enclosures and an itemized listing of appellant's clemency matters, which were the same as those he submitted previously. The government did not give appellant an opportunity to modify his previous submissions or to present additional clemency matters.

## LAW AND DISCUSSION

The Court of Appeals for the Armed Forces (CAAF) has explained that a convening authority "is not limited to considering the circumstances as they existed at the time of the initial review. The convening authority may consider other appropriate matters—including changes in circumstances following the initial action on the case—for purposes of determining whether clemency or other post-trial action is warranted." *United States v. Rosenthal*, 62 M.J. 261, 262-63 (C.A.A.F. 2005). The CAAF has similarly held, "[a] new, as opposed to a corrected, action requires a new [Staff Judge Advocate's Recommendation (SJAR)] under R.C.M. 1106 and the opportunity for the accused to submit additional matters under R.C.M. 1105." *United States v. Mendoza*, 67 M.J. 53, 55 (C.A.A.F. 2008).[4]

While both parties agree that the government's failure to give appellant this opportunity was error, we must still determine whether appellant suffered prejudice. *See, e.g.*, *United States v. Wheelus*, 49 M.J. 283, 288-89 (C.A.A.F. 1998). In this context, "[b]ecause clemency is such a highly discretionary Executive function, there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *Id*. at 289 (citing *United States v. Chatman,* 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

Here, the government argues appellant suffered no prejudice, because the convening authority considered all the matters appellant previously submitted for clemency. Appellant counters that his *Grostefon* matters satisfy the low standard of prejudice, as he could have raised these issues to the convening authority as part of submitting additional matters. Based on the specific facts of this case, we agree with appellant.

For example, as part of his *Grostefon* matters, appellant raises the issue of post-trial delay between sentencing and the new post-trial processing. As another example, appellant highlights a series of issues with the Report of Result of Trial,

---

[4] Perhaps the Staff Judge Advocate was misled by the by the fact that in returning the case for a new action, this court did not specify that appellant must have an opportunity to submit matters, consistent with *Mendoza*. If so, we regret the misunderstanding and offer more specific direction in our decretal paragraph.

which does not fully and accurately capture his pleas and the findings.[5]  First, it does not reflect language excepted from the false official statement specification, consistent with appellant's pretrial agreement and his final pleas.  Second, it does not show that the dates of the indecent conduct and prohibited relationship specifications were amended before appellant entered his final pleas, thereby reducing the time period for those offenses.  Finally, it does not mention the conditional dismissal of the indecent conduct specification.

In our previous decision in this case, we declined to speculate on what the convening authority might have done if he had not misunderstood his clemency powers.  While any conclusion on prejudice during the clemency process involves some degree of conjecture, as this case now stands, we find ourselves on firmer footing.  The SJA properly advised the new convening authority of his clemency powers, and after considering everything appellant previously submitted for clemency, the convening authority approved the adjudged sentence.  At the same time, appellant was denied his right to submit new matters to the convening authority, and we have before us additional claims the convening authority might have considered.  Under the specific facts of this case, we narrowly conclude that appellant has presented "some colorable showing of possible prejudice."  *Chatman,* 46 M.J. at 323-24.[6]

---

[5] This issue was not raised in appellant's initial post-trial submissions.  If a defense counsel fails to comment on the SJAR and its attachments in a timely manner, the error is waived absent plain error.  R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005).  However, since we returned this case for a new action, appellant could have raised these errors with the Report of Result of Trial when submitting additional matters to the convening authority.  On this point, we note that appellant raised these errors in his previous and current *Grostefon* submissions to this court.

[6] Appellant also claims several documents are missing from the record of trial.  First, appellant highlights a missing page of an evaluation from his "good soldier" book admitted at trial.  Although the evaluations were not in chronological order, we located the errant page in the exhibit.  Second, appellant asserts missing enclosures from a record of non-judicial punishment admitted as a prosecution sentencing exhibit.  We find these witness statements were removed from the exhibit after defense counsel objected to them at trial.  Finally, appellant alleges items are missing from the post-trial record, to wit: several enclosures to his "Request for Deferral and Waiver of Automatic Forfeitures and Reduction in Rank," dated 8 March 2017.

**CONCLUSION**

The convening authority's action, dated 12 March 2018, is SET ASIDE. The record of trial will be returned to the Judge Advocate General for a new SJAR, submission of new matters under R.C.M. 1105 and 1106, and a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

The government should correct any identified defects in the Report of Result of Trial and ensure any omitted items from the record of trial are available to the convening authority to consider in taking action.

Senior Judge BURTON and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5