# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32582**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Alexander D. SHERWOOD**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 18 September 2020

———————————

*Military Judge:* Thomas J. Alford.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, reduction to E-1, and a reprimand. Sentence adjudged 4 December 2018 by SpCM convened at Offutt Air Force Base, Nebraska.

*For Appellant:* Major Yolanda D. Miller, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and CADOTTE, *Appellate Military Judges.*

Judge CADOTTE delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

CADOTTE, Judge:

A special court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement (PTA), of

three specifications of wrongful use of controlled substances,[1] in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, and one specification of unlawful carry of a concealed weapon,[2] in violation of Article 134, UCMJ, 10 U.S.C. § 934.[3] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 75 days, reduction to the grade of E-1, and a reprimand. In accordance with the terms of the PTA, the convening authority reduced Appellant's term of confinement to 30 days and waived automatic forfeitures for the benefit of Appellant's spouse and child but otherwise approved the sentence as adjudged.

Appellant personally raises a single issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[4] He asserts the military judge erred when he did not *sua sponte* exclude persons from the courtroom and requests the bad-conduct discharge be set aside. Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

On 22 November 2017, Appellant was selected for random urinalysis testing. The urine sample Appellant provided tested positive for cocaine and d-methamphetamine. Later that same day, the Sioux City Police Department (SCPD) conducted a traffic stop of Appellant's vehicle. A police canine certified in drug detection alerted to the presence of drugs. SCPD searched the vehicle and discovered a concealed .22-caliber handgun under the driver's seat of the vehicle; ammunition; and, according to Appellant's stipulation of fact, "an empty baggie that was the same as baggies used to carry small amounts of

---

[1] Appellant was found guilty of wrongful use of methamphetamine on divers occasions, wrongful use of cocaine on divers occasions, and wrongful use of 3,4-methylenedioxymethamphetamine.

[2] This offense was charged as both service discrediting and prejudicial to good order and discipline. Consistent with his pleas, Appellant was found guilty by exception. Appellant was found not guilty of the words "to the prejudice of good order and discipline in the Armed Forces and."

[3] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[4] Although not raised by Appellant, we note the convening authority did not identify reasons for denying Appellant's request that his reduction in grade be deferred until action. This was an error. *See United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992*), overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018); *see also United States v. Ward*, No. ACM 39648, 2020 CCA LEXIS 305, at *8–9 (A.F. Ct. Crim. App. 3 Sep. 2020) (unpub. op.). Appellant has made no claim of prejudice and we discern no material prejudice to Appellant's substantial rights as a result of the error.

drugs . . . ." Appellant admitted to SCPD officers that the handgun belonged to him. Appellant did not have a permit to carry a weapon in Iowa, or any other state.

On 3 December 2017, Appellant was arrested in West Des Moines, Iowa, by the West Des Moines Police Department (WDPD) after being seen acting erratically. Appellant ingested controlled substances and was feeling the effects of the drugs. Appellant was walking, and he waived his arms in the air attracting the attention of a WDPD officer. Appellant then told the WDPD officer that he was high on methamphetamine and "several other drugs." Appellant further stated he needed to be arrested, and he was tired of being on drugs. On 4 December 2017, pursuant to a search authorization, Appellant's urine was collected for urinalysis testing by the Air Force. The sample later tested positive for d-methamphetamine, cocaine, and 3,4-methylenedioxymethamphetamine (MDMA).

On 12 December 2017, the Air Force Office of Special Investigations (AFOSI) interviewed Appellant. After waiving his rights, Appellant admitted to using methamphetamine on multiple occasions both before and after the 22 November 2017 random urinalysis. He also admitted to using cocaine three times and MDMA once.

In January 2018, Appellant agreed to serve as a confidential informant with the AFOSI. Over the span of nine months, Appellant contributed to nine substantive criminal investigations resulting in court-martial convictions and adverse military actions.[5] According to Appellant's stipulation of fact, he also contributed to the "neutralization" of a civilian drug dealer providing controlled substances to military members.

Appellant and the convening authority entered into a PTA on 26 October 2018. A term of the PTA required Appellant to "waive all waivable motions." However, after entering into the PTA, pursuant to Rule for Courts-Martial (R.C.M.) 806(b)(5), Appellant filed a motion for appropriate relief to close the court to all parties except for the military judge, counsel, Appellant, court reporter, and witnesses. The motion proffered Appellant's status as a confidential informant for the AFOSI for a span of over nine months put him in a substantial risk of harm if his status as a confidential informant were to be revealed during the court-martial. The Government opposed the proposed closure. During a R.C.M. 802 conference, the day prior to trial, the military judge inquired as to whether the motion for appropriate relief suggested a lack of a meeting of the minds between Appellant and the convening authority with respect to the "waive all waivable motions" clause of the PTA. The military judge

---

[5] The actions spanned administrative action, nonjudicial punishment, summary court-martial, and special court-martial.

did not make any rulings during the R.C.M. 802 conference; however, he did advise the parties that if there was not a clear meeting of the terms of the PTA, he would not be able to accept the agreement. Later that evening, trial defense counsel informed the military judge the motion for appropriate relief to close the courtroom was being withdrawn. During the trial, the military judge asked trial defense counsel, "What motions are you not making pursuant to this provision of the PTA?" Trial defense counsel specifically stated the "motion for appropriate relief that has been previously discussed on the record," which addressed the closed courtroom issue.

The military judge then engaged in the following colloquy with Appellant with regard to the waiver of motions provision in the PTA:

> [Military Judge (MJ)]: All right. Your pretrial agreement states that you waive or give up the right to make waivable motions. I advise you that certain motions are waived or given up if your defense counsel does not make the motion prior to you entering a plea. Additionally, other motions, even if not waived by a guilty plea, are nonetheless waived if not brought up during the trial. Some motions, however, such as motions to dismiss for lack of jurisdiction, for example, they are never waived.
>
> Do you understand this term of your pretrial agreement means that you give up the right to make any motion which, by law, is given up when you plead guilty?
>
> [Accused (ACC)]: Yes, Your Honor.
>
> MJ: Do you understand that this term of your pretrial agreement means that you give up the right to make any motion, which is given up, if not raised during the trial?
>
> ACC: Yes, Your Honor.
>
> MJ: In particular, do you understand that this term of your pretrial agreement precludes this court or any appellate court from having the opportunity to determine if you are entitled to any relief based upon the motions that your defense counsel has just talked about?
>
> ACC: Yes, Your Honor.
>
> MJ: When you elected to give up the right to litigate these motions, did your defense counsel explain this term of your pretrial agreement and the consequences to you?
>
> ACC: Yes, Your Honor.

> MJ: Did anyone force you to enter into this term of your pretrial agreement?
>
> ACC: No, Your Honor.

The military judge did not close the court-martial. The record does not include evidence of any disruptions, nor the number or identity of the spectators in attendance at trial. Evidence of Appellant's cooperation with the AFOSI was limited to documents, and there was no mention of Appellant's cooperation during the public sessions of the court.

## II. DISCUSSION

Appellant argues the military judge committed plain error by not excluding persons from the trial, thereby affecting Appellant's right to a fair, full, and complete trial. Appellant contends that the military judge was made aware that there were military members who were actively trying to find out the identity of the person informing on them by observing courts-martial proceedings, and that the military judge had an obligation to exclude such persons from the courtroom. However, Appellant entered into a PTA with the convening authority which included the term to "waive all waivable motions." Appellant went over this term of the PTA with the military judge and trial defense counsel, which specifically addressed the motion for appropriate relief being waived. Ultimately, Appellant received the benefit of the PTA.

The issue of waiver is considered under a de novo standard of review. *United States v. Rosenthal*, 62 M.J. 261, 262 (C.A.A.F. 2005) (per curiam) (citation omitted). Once "an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citations omitted). That being the case, we need not reach the issue of whether the military judge's failure to exclude persons from the courtroom was error, as this issue has been waived, and Appellant's waiver will remain undisturbed as we decline to exercise our discretion to pierce his waiver under Article 66, UCMJ, 10 U.S.C. § 866. *See generally United States v. Hardy*, 77 M.J. 438, 442–43 (C.A.A.F. 2018) (citation omitted).

However, assuming *arguendo* this issue was not waived, the military judge did not commit plain error by failing to *sua sponte* exclude persons from the courtroom. *See United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013) (citations omitted). "[T]he right to attend criminal trials is implicit in the guarantees of the First Amendment[6]; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and 'of the press could be eviscerated.'" *Richmond Newspapers, Inc., et*

---

6 U.S. CONST. amend. I.

*al. v. Virginia et al.*, 448 U.S. 555, 580 (1980) (*quoting Branzburg v. Hayes*, 408 U.S. 665, 681 (1972)). As a general principle, "[o]pening trials to public scrutiny reduces the chance of arbitrary and capricious decisions and enhances public confidence in the court-martial process." R.C.M. 806(b)(6), Discussion.

Under plain error Appellant must show "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Erickson,* 65 M.J. 221, 223 (C.A.A.F. 2007) (citations omitted). As to Appellant's assertion the military judge committed error by not excluding persons from the trial, we find no error, plain or otherwise. Appellant has not set out a factual basis that would override the compelling reasons for maintaining a military justice system subject to public scrutiny.[7] Furthermore, the record is devoid of evidence that Appellant was materially prejudiced because the military judge did not exclude persons from the courtroom. Appellant has only made broad assertions that the failure to exclude persons affected Appellant's right to a fair, full, and complete trial. In fact, the record contains three defense exhibits which are memoranda from AFOSI agents highlighting Appellant's assistance to law enforcement. In addition, Appellant included his work with the AFOSI in his written unsworn statement, and the information was included in the stipulation of fact which was admitted as a prosecution exhibit. Appellant was provided a full opportunity to present evidence to the military judge, and there was no material prejudice of a substantial right.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[7] In *United States v. Fiske*, 28 M.J. 1013, 1014 (A.F.C.M.R. 1989), our court found error against public policy when the military judge barred spectators from the proceedings upon request from trial defense counsel. Our court perceived the reason for the closure request was "the appellant indicated he had provided the names of several other individuals together with whom he had used marijuana to Air Force law enforcement authorities in hopes of receiving a more lenient treatment in his own case. He provided all those names to the military judge." It did not strike our court "as any different from hundreds of other drug or theft cases [it] see[s] where an accused 'turns states evidence' after getting caught. . . ." *Id.*

Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court