# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM 38519 (f rev)

————————————

### UNITED STATES
*Appellee*

**v.**

### Jaime R. RODRIGUEZ
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 21 December 2021

————————————

*Military Judge:* Donald R. Eller, Jr. (original trial); Andrew Kalavanos (rehearing on sentence).

*Approved sentence:* Bad-conduct discharge, confinement for 6 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 29 March 2017 by GCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Major Matthew L. Blyth, USAF; Mark C. Bruegger, Esquire.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobcynski, USAF; Mary Ellen Payne, Esquire; MacCaelin A. Sedita, Legal Intern.[1]

Before JOHNSON, LEWIS, and POSCH, *Appellate Military Judges*.

Chief Judge JOHNSON delivered the opinion of the court, in which Senior Judge LEWIS and Senior Judge POSCH joined.

————————————

---

[1] Mr. Sedita was supervised by attorneys admitted to practice before the court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

JOHNSON, Chief Judge:

Appellant's case has a long and tortuous history. In June 2013, Appellant pleaded guilty to 16 specifications of violating a lawful general regulation; one specification of violating a lawful order; one specification of making a false official statement; one specification of consensual sodomy; two specifications of obstructing justice; and two specifications of adultery in violation of Articles 92, 107, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907, 925, 934.[2,3] Additionally, the court-martial composed of officer members convicted Appellant, contrary to his pleas, of one specification of aggravated sexual assault by causing bodily harm;[4] one specification of abusive sexual contact by causing bodily harm;[5] one specification of consensual sodomy;[6] one specification of aggravated sexual contact by using strength; one specification of wrongful sexual contact; and one specification of indecent exposure in violation of Articles 120 and 125, UCMJ, 10 U.S.C. §§ 920, 925. The court members sentenced Appellant to a dishonorable discharge, confinement for 27 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority disapproved the adjudged forfeitures, but otherwise approved the findings and the adjudged sentence.

In this court's original decision, *United States v. Rodriguez*, No. ACM 38519, 2015 CCA LEXIS 143 (A.F. Ct. Crim. App. 14 Apr. 2015) (unpub. op.), we remanded the record to the convening authority for new post-trial processing and action. The convening authority again disapproved the adjudged forfeitures, but otherwise approved the findings and the adjudged sentence.

_____

[2] The specifications for which Appellant was convicted applied to the versions of the applicable punitive articles found in the *Manual for Courts-Martial, United States* (2008 ed.).

[3] Appellant pleaded guilty by exception and substitution to one specification of violation of a lawful general regulation, and pleaded guilty by exception to one specification of obstructing justice. The military judge merged two of the specifications of violation of a lawful general regulation for purposes of sentencing.

[4] The court members acquitted Appellant of the charged greater offense of rape.

[5] The court members acquitted Appellant of the charged greater offense of aggravated sexual contact.

[6] The court members acquitted Appellant of the greater offense of forcible sodomy.

On further review at this court, *United States v. Rodriguez*, No. ACM 38519 (f rev), 2016 CCA LEXIS 416 (A.F. Ct. Crim. App. 13 Jul. 2016) (unpub. op.), we set aside and dismissed five of the six litigated offenses, affirmed the remaining findings of guilty, authorized a rehearing on sentence on the affirmed charges and specifications, and returned the record to The Judge Advocate General (TJAG) for remand to the convening authority.

The convening authority ordered a sentencing rehearing, which took place on 15 December 2016 and 27–29 March 2017. The court-martial composed of officer members sentenced Appellant to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence adjudged at the rehearing.

On further review, this court reaffirmed the previously affirmed findings and affirmed the sentence, but granted 21 days of confinement credit for illegal pretrial confinement. *United States v. Rodriguez*, No. ACM 38519 (f rev), 2019 CCA LEXIS 35 (A.F. Ct. Crim. App. 30 Jan. 2019) (unpub. op.).

The United States Court of Appeals for the Armed Forces (CAAF) granted review and summarily reversed this court's decision as to "Specification 1 of Second Additional Charge I,"[7] the sole remaining Article 120, UCMJ, offense of which Appellant then stood convicted, which alleged aggravated sexual contact by using strength. *United States v. Rodriguez*, 79 M.J. 311 (C.A.A.F. 2019). The CAAF set aside the finding of guilty as to that specification and the sentence, and affirmed the remaining findings. *Id*. The CAAF returned the record to The Judge Advocate General for remand to this court, which the CAAF authorized to "either dismiss Specification 1 of Second Additional Charge I and reassess the sentence based on the affirmed findings, or . . . order a rehearing on the affected specification and the sentence." *Id*.

On 16 January 2020, this court returned the record to The Judge Advocate General for remand to the convening authority and authorized a rehearing on the Specification of Second Additional Charge I and on the sentence. *United States v. Rodriguez*, No. ACM 38519 (rem), 2020 CCA LEXIS 16 (A.F. Ct. Crim. App. 16 Jan. 2020) (order). On 1 April 2020, the convening authority ordered a rehearing. However, on 21 May 2020, the convening authority issued an order stating that a rehearing on the Specification and sentence "was found to be

---

[7] Originally, the Second Additional Charge had three specifications. However, Specifications 2 and 3 were set aside and dismissed and "Specification 1" was redesignated "Specification" on the charge sheet before the sentencing rehearing.

impracticable," dismissing the Specification of Second Additional Charge I,[8] and "reassess[ing] the sentence to a bad conduct discharge, confinement for 6 years, total forfeiture of all pay and allowances, and reduction to the grade of E-1."

Appellant now raises three issues before this court: (1) whether the convening authority erred by taking action without providing Appellant the opportunity to submit matters pursuant to Rule for Courts-Martial (R.C.M.) 1105[9] or his right to receive and respond to the staff judge advocate's recommendation (SJAR) pursuant to R.C.M. 1106; (2) whether Appellant's sentence is inappropriately severe; and (3) whether Appellant's registration as a sex offender represents cruel or unusual punishment or otherwise warrants sentence appropriateness relief.[10] We find prejudicial error with respect to issue (1). Because we conclude that remand to the convening authority is appropriate, we do not reach issues (2) and (3) pending the record's return to this court.

## I. BACKGROUND

Between 2009 and 2011, Appellant was a married Air Force recruiter stationed in Texas. His convictions arose from his behavior with 15 different female Air Force applicants, recruits, and recruiter assistants—notably his attempts to maintain personal and intimate relationships with them in violation of Air Education and Training Command Instruction (AETCI) 36-2909, *Professional and Unprofessional Relationships* (2 Mar. 2007)—and from Appellant's actions during the investigation of his alleged offenses.

As a result of the various appellate proceedings described above, at the time of this court's 16 January 2020 remand to the convening authority, Appellant had affirmed convictions for 15 specifications of violating a lawful general regulation, one specification of violating a lawful order, one specification of making a false official statement, one specification of consensual sodomy, two specifications of obstructing justice, and two specifications of adultery. Appellant's convictions for six nonconsensual sexual offenses had been set aside, and five of those specifications dismissed, with a rehearing authorized for one specification of abusive sexual contact by force and for the sentence.

---

[8] Although there were no remaining specifications under Second Additional Charge I, the convening authority did not affirmatively dismiss that charge.

[9] Unless otherwise indicated, references to the UCMJ and the Rules for Courts-Martial refer to the versions contained in the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*).

[10] Appellant personally raises issues (2) and (3) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

The record contains only two documents from this court's 2020 remand to the convening authority: the convening authority's 1 April 2020 order directing a rehearing, and her 21 May 2020 order dismissing the Specification of Second Additional Charge I and reassessing the sentence. There is no evidence in the record that Appellant was afforded the opportunity to submit matters for the convening authority's consideration before she reassessed the sentence. Likewise, there is no indication that the convening authority's staff judge advocate prepared an SJAR for the convening authority pursuant to R.C.M. 1106, or provided such a recommendation to the Defense or to the convening authority.

## II. DISCUSSION

### A. Law

"Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section. . . . Except as provided in [10 U.S.C. § 860(c)(4)], the convening authority . . . may approve, disapprove, commute, or suspend the sentence of a court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(A), (B). "[I]n any case where an accused is found guilty of at least one specification where the offense was committed before January 1, 2019, a convening authority errs if he fails to take one of the following mandated post-trial actions in a case: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." *United States v. Brubaker-Escobar*, ___ M.J. ___, 2021 CAAF LEXIS 818, at *6 (C.A.A.F. 7 Sep. 2021) (per curiam) (citing 10 U.S.C. § 860(c)(2)(B)).

Before taking action on the sentence of a court-martial, the convening authority shall consider, *inter alia*, the recommendation of the staff judge advocate under R.C.M. 1106 (if applicable) and any matters submitted by the accused under R.C.M. 1105 and R.C.M. 1106(f) (if applicable). R.C.M. 1107(b)(3)(A)(ii), (iii) (*Manual for Courts-Martial, United States* (2012 ed.) (2012 *MCM*)); *see also* 10 U.S.C. §§ 860(b)(1), (e) (providing accused the opportunity to submit matters to the convening authority and requiring written legal advice before action).[11]

---

[11] The National Defense Authorization Act (NDAA) for Fiscal Year 2014 modified Article 60, UCMJ, 10 U.S.C. § 860, and limited the convening authority's ability to grant clemency. Pub. L. No. 113–66, § 1702, 127 Stat. 672, 955–58 (2013). However, the effective date of the change was 24 June 2014. *Id*. at 958. Action by the convening authority with respect to offenses committed prior to that date continue to be governed by the versions of Article 60, UCMJ, and R.C.M. 1107 in effect prior to that date. *See id*.; *United States v. Rogers*, 76 M.J. 621, 624 (A.F. Ct. Crim. App. 2017) (citations omitted).

"Before the convening authority takes action under R.C.M. 1107 on a record of trial by a general court-martial, . . . that convening authority's staff judge advocate . . . shall, except [when the convening authority has no staff judge advocate], forward to the convening authority a recommendation under this rule." R.C.M. 1106(a); *see also* 10 U.S.C. § 860(e). The recommendation shall be in writing. R.C.M. 1106(d)(2). Before the staff judge advocate forwards the recommendation to the convening authority, copies of the recommendation shall be served on the accused and the accused's counsel. R.C.M. 1106(f)(1). "Counsel for the accused may submit, in writing, corrections or rebuttal to any matter in the recommendation and its enclosures believed to be erroneous, in-adequate, or misleading, and may comment on any other matter." R.C.M. 1106(f)(4).

"After a sentence is adjudged in any court-martial, the accused may submit matters to the convening authority in accordance with [R.C.M. 1105]." R.C.M. 1105(a); *see also* 10 U.S.C. § 860(b)(1). The convening authority is required to consider written submissions from the accused before taking action on the sentence. *See* R.C.M. 1105(b)(1) (2012 *MCM*).[12]

Rule for Courts-Martial (R.C.M.) 1107(e)(1)(B)(iv) (2012 *MCM*) provides:

> *Sentence reassessment*. If a superior competent authority has approved some of the findings of guilty and has authorized a rehearing as to other offenses and the sentence, the convening authority may, unless otherwise directed, reassess the sentence based on the approved findings of guilty and dismiss the remaining charges. Reassessment is appropriate only where the convening authority determines that the accused's sentence would have been at least of a certain magnitude had the prejudicial error not been committed and the reassessed sentence is appropriate in relation to the affirmed findings of guilty.

Where the convening authority reassesses a sentence in the context of errors that are constitutional in nature, she must be satisfied the reassessed sentence removes any prejudicial effect beyond a reasonable doubt. *See United States v. Hukill*, 76 M.J. 219, 222 (C.A.A.F. 2017); *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991); *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986).

The proper completion of post-trial processing is a question of law we review de novo. *United States v. Zegarrundo*, 77 M.J. 612, 614 (A.F. Ct. Crim. App. 2018) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

---

[12] The version of R.C.M. 1105(b)(1) found in the 2012 *MCM* continues to apply with respect to offenses committed prior to 24 June 2014. *See* 2016 *MCM*, App. 21, A21–87.

**B. Analysis**

The law is clear that, with regard to Appellant's convictions for offenses committed between 2009 and 2011, the convening authority is required to take action on the sentence; that before the convening authority takes action, her staff judge advocate must prepare a written SJAR; that the Defense must receive a copy of the SJAR and be provided an opportunity to respond to it, as well as to present other clemency matters; and that the convening authority must consider the SJAR and the defense submissions before taking action on the sentence. The Government concedes that following this court's 16 January 2020 remand, the staff judge advocate did not prepare an SJAR pursuant to R.C.M. 1106 and Appellant was not afforded an opportunity to submit clemency matters pursuant to R.C.M. 1105 before the convening authority reassessed the sentence. However, the Government asserts there was no error because sentence reassessment by the convening authority pursuant to R.C.M. 1107(e)(1)(B)(iv) (2012 *MCM*) is not "action" by the convening authority for purposes of R.C.M. 1105, R.C.M. 1106, R.C.M. 1107, and Article 60, UCMJ.[13] We disagree. Several considerations lead us to this conclusion.

First, we acknowledge the decision of the CAAF in *Brubaker-Escobar* indicates that convening authority "action" on the sentence for purposes of Article 60, UCMJ, consists of approving, disapproving, commuting, or suspending the sentence in whole or in part. 2021 CAAF LEXIS 818, at *6. We further acknowledge the convening authority did not use any of these specific terms with respect to the reassessed sentence in her 21 May 2020 order. However, neither *Brubaker-Escobar* nor Article 60, UCMJ, mandate that the convening authority use the specific term "approve" in order to approve a court-martial sentence.

Next, the Government's reasoning would seem to deprive this court of authority to act on the reassessed sentence. Article 66(c), UCMJ, 10 U.S.C. § 866(c), provides in part, "In a case referred to it, the Court of Criminal Appeals [(CCA)] may act only with respect to the findings and sentence *as approved by the convening authority*." (Emphasis added.); *see also United States v. Wall*, 79 M.J. 456, 460 (C.A.A.F. 2020) (quoting Article 66(c), UCMJ). If the convening authority's reassessment did not necessarily imply approval of, and therefore action on, the sentence, then the sentence before us has never been approved by the convening authority. *See id.* at 460–61 (explaining that when appellate courts set aside the sentence and remand the case to the convening

---

[13] The parties do not address *United States v. Reed*, 33 M.J. 98, 99–100 (C.M.A. 1991), which indicates that a convening authority's sentence reassessment must also be guided by specific legal advice, of which there is no evidence in Appellant's court-martial record.

authority, the sentence and the CCA's authority to act on it are both "extinguished"). Indeed, by the Government's reasoning the bad-conduct discharge—which was not a component of the sentence before the reassessment—has never been approved by any convening authority. However, the Government does not suggest that this court in fact lacks jurisdiction over the sentence in this case, instead arguing that we should affirm it. Nor does the Government claim that the convening authority was required to separately "approve" the sentence she had reassessed. The Government's silence on these points supports the common-sense conclusion that the convening authority reassessed the sentence to a punishment that she also approved, and thereby took action on it. *Cf.* R.C.M. 1107(e)(1)(B)(iv) (2012 *MCM*) (requiring the convening authority to determine the reassessed sentence is "appropriate in relation to the affirmed findings of guilty").

The Government argues that convening authority "action" for purposes of R.C.M. 1105 and R.C.M. 1106 is limited to actions taken pursuant to R.C.M. 1107(c) and (d) (2012 *MCM*), with respect to findings and sentence, respectively. However, Appellant notes that R.C.M. 1107(e) (2012 *MCM*) also refers to the convening authority "approving" a sentence. Specifically, R.C.M. 1107(e)(1)(C)(iii) (2012 *MCM*) provides that if the convening authority determines that a rehearing on sentence alone is impracticable, she "may *approve* a sentence of no punishment without conducting a rehearing." (Emphasis added.) If reducing a sentence of some amount of punishment to a sentence of no punishment under R.C.M. 1107(e)(1)(C)(iii) (2012 *MCM*) is approval of the resulting sentence, by analogy, reducing a sentence by reassessment under R.C.M. 1107(e)(1)(B)(iv) (2012 *MCM*) would also imply approval of the reassessed sentence, and therefore action by the convening authority on the sentence.

Moreover, our superior court has indicated that a sentence reassessed by the convening authority is also before the convening authority for approval. In *Wall*, the CCA had affirmed a conviction for rape but set aside a conviction for sexual assault. 79 M.J. at 457 (citation omitted). The CCA remanded the case and authorized the convening authority to either: order a rehearing on the sexual assault specification and the sentence; dismiss the specification and order a rehearing on the sentence only; or dismiss the specification and reassess the sentence affirming no more than a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1. *Id.* at 457–58 (citation omitted). In holding that the CCA erred by reassessing the sentence before remanding to the convening authority for potential reassessment, the CAAF explained: "[s]ubject to the limitations of the UCMJ and the Rules for Courts-Martial, the decision to reassess the sentence [on remand], *and what sentence to approve*, is solely that of the convening authority." *Id.* at 461 (citing 10 U.S.C. § 860 (2012 *MCM*)); R.C.M. 1107(e)(2)(B)(iii) (2016

*MCM*); *Reed*, 33 M.J. at 99–100) (emphasis added). We find the CAAF's reference to convening authority *approval* of a reassessed sentence to be significant, and to indicate that such a sentence is one on which the convening authority takes action. *See also United States v. Josey*, 58 M.J. 105, 106 (C.A.A.F. 2003) (citation omitted) (describing the sentence reassessed by the convening authority on remand as having been "approved by the convening authority").[14]

Furthermore, we agree with Appellant that the reasoning of the CAAF's decision in *United States v. Rosenthal*, 62 M.J. 261 (C.A.A.F. 2005) (per curiam), also provides useful guidance for the instant issue. In *Rosenthal*, the appellant had waived his right to submit clemency matters before the convening authority's initial action on the sentence. *Id.* at 262. On appeal, this court set aside the convening authority's action and remanded the case for a new action. *Id.* The staff judge advocate prepared a new SJAR and served it upon the defense counsel; however, the defense counsel did not contact the appellant to determine whether he wanted to submit matters to the convening authority as part of the new post-trial process. *Id.* The CAAF found the defense counsel erred. *Id.* The court explained, a "decision by an appellate court to set aside the convening authority's action on the results of trial is a significant development because it entitles an appellant to a new post-trial proceeding." *Id.* at 263. The CAAF further explained that under such conditions, "the convening authority is not limited to considering the circumstances as they existed at the time of the initial review," and "[the] servicemember has the corresponding right to bring 'matters in mitigation which were not available for consideration at the court-martial' to the attention of the convening authority." *Id.* at 262–63 (quoting R.C.M. 1105(b)(2)(C)).

We recognize that the situation in *Rosenthal* differed from Appellant's case in that it involved remand for a new post-trial process and action rather than for a rehearing, and the CAAF's opinion focused on the defense counsel's error in failing to communicate with his client rather than procedural errors by the convening authority. Nevertheless, we find *Rosenthal* instructive in two respects. First, as *Wall* indicates, the CAAF's setting aside of Appellant's sentence in the instant case necessarily undid the convening authority's prior action on that sentence, and, as in *Rosenthal*, thereby required new post-trial

---

[14] In addition, Appellant draws our attention to cases in which the convening authority *did* receive an SJAR and provide the defense the opportunity to submit clemency matters prior to reassessing a sentence following remand from the appellate court, as he contends should have occurred in this case. *See United States v. Harris*, 58 M.J. 86, 87 (C.A.A.F. 2000); *United States v. Josey*, 56 M.J. 720, 721 (A.F. Ct. Crim. App. 2002), *rev'd on other grounds*, 58 M.J. 105 (C.A.A.F. 2003); *United States v. Rambharose*, No. ACM 38769 (f rev), 2020 CCA LEXIS 263, at *11–12 (A.F. Ct. Crim. App. 7 Aug. 2020) (unpub. op.), *pet. denied*, 80 M.J. 464 (C.A.A.F. 2020).

processing and action. Second, the CAAF's explanation that Private Rosenthal had a right to submit matters to the convening authority after remand and was not bound by his prior decision to waive a submission under R.C.M. 1105 undermines the Government's contention that Appellant had no right to submit additional matters following the 2020 remand because he previously had the opportunity after the 2013 trial, 2015 remand, and 2017 sentence rehearing.

In summary, when the CAAF set aside Appellant's sentence and this court remanded the case to the convening authority, the approved sentence was "extinguished." *See Wall*, 79 M.J. at 460–61. This necessarily undid the prior approval by the convening authority, necessitating new action and the concomitant statutory requirements as implemented through the Rules for Courts-Martial. R.C.M. 1107(e)(1)(B)(iv) (2012 *MCM*) permitted the convening authority to reassess the sentence, consistent with this court's remand, but it did not obviate the procedural requirements imposed by Article 60(b)(1) and (e), UCMJ, 10 U.S.C. §§ 860(b)(1), (e). In our view, this understanding of the relationship between convening authority reassessment and action on the sentence best harmonizes the Code provisions, the Rules for Courts-Martial, and the letter and intent of relevant CAAF decisions. In contrast, the Government cites no decisions by the CAAF, this court, or our sister courts which stand for the proposition that sentence reassessment pursuant to R.C.M. 1107(e)(1)(B)(iv) (2012 *MCM*) exists outside the context that the convening authority is required to take action on the sentence. For the foregoing reasons, we conclude the convening authority erred by reassessing the sentence without receiving written legal advice, and without providing Appellant the opportunity to respond and to submit matters.

Turning to the question of prejudice, we find the errors materially prejudiced Appellant's substantial rights. Where there is error with respect to an SJAR, the appellant is entitled to relief if he can demonstrate "some colorable showing of possible prejudice . . . in terms of how the [error] potentially affected [his] opportunity for clemency." *Zegarrundo*, 77 M.J. at 614 (quoting *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005)). We note that because Appellant's offenses occurred between 2009 and 2011, the convening authority possessed extremely broad discretion to modify or disapprove the sentence in whole or in part.[15] *See* R.C.M. 1107(d)(1) (2012 *MCM*) ("The convening authority may for any or no reason disapprove a legal sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature as long as the severity of the punishment is not increased."); R.C.M. 1107(e)(1)(B)(iv) (2012 *MCM*) (requiring that the convening authority deter-

---

[15] *See* note 11, *supra*.

mine "the reassessed sentence is appropriate in relation to the affirmed findings of guilty"). We further note that the CAAF set aside the finding of guilty as to, and the convening authority dismissed, the only remaining litigated specification and Appellant's only remaining conviction for a nonconsensual sexual offense under Article 120, UCMJ, which represented a significant change to the sentencing landscape. Moreover, Appellant has submitted a declaration to this court in which he describes information he would have provided to the convening authority had he been afforded the opportunity, including completing a sex offender treatment program, participating in other behavioral therapy, the impact of his convictions on his relationship with his family, and his ability to find employment.[16]

As a remedy, Appellant contends this court should set aside his bad-conduct discharge in light of repeated errors by the servicing office of the staff judge advocate, in his case and in other cases, in order to "send [a] message." We do not find such relief to be warranted at this point, and instead provide Appellant what he is entitled to: the opportunity to respond to the staff judge advocate's written legal advice and to submit matters for the convening authority's consideration before she takes action on the sentence.

### III. CONCLUSION

The convening authority's order dated 21 May 2020 is **SET ASIDE**. The case is returned to The Judge Advocate General for remand to the convening authority for post-trial processing consistent with this opinion.[17] Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[16] We find the issue of material prejudice to Appellant's substantial rights to be "raised by materials in the record but not fully resolvable by those materials." *United States v. Jessie*, 79 M.J. 437, 445 (C.A.A.F. 2020).

[17] We note that the convening authority's action should direct the 21 days of illegal pretrial confinement credit previously adjudged by this court. *United States v. Rodriguez*, No. ACM 38519 (f rev), 2019 CCA LEXIS 35, at *24 (A.F. Ct. Crim. App. 30 Jan. 2019) (unpub. op.); *see* R.C.M. 1107(f)(4)(F).